*J. A. Fay*, for appellants.

*W. H. Coombs* and *W. H. H. Miller*, for appellee.

———————————o———————————

GOINGS *v.* WHITE.

33  125
141  479

FRAUD.—*Pleading.*—A complaint for damages for fraudulent representations by the vendor in the sale of land must contain an averment that the plaintiff relied upon the representations. The want of such averment cannot be supplied by a recital of evidence which might justify a presumption that the representations were relied upon, unless such evidence be conclusive of the fact.

APPEAL from the Delaware Circuit Court.

Suit by the appellee against the appellant. The complaint was in two paragraphs. The defendant filed a separate demurrer to each, for want of sufficient facts, which the court overruled, and the defendant excepted.

The first paragraph alleged, that the parties resided in Delaware county, in this State; that on the 25th of February, 1867, the defendant owned forty acres of land, described, in Hardin county, Iowa, and the plaintiff owned some real estate in Selma, in said Delaware county; that the plaintiff had never seen said Iowa land and had no knowledge of it except such as he derived from the defendant; that the plaintiff and defendant exchanged said property, the plaintiff conveying to the defendant, and the de-

fendant conveying to the plaintiff; that the defendant's land was taken at five hundred dollars, the price agreed upon; that at the time of the treaty between the parties, the plaintiff told the defendant that he, the plaintiff, knew nothing about the land, and if he took it, he must take it at the defendant's statements, and must rely upon the defendant's representations about the quality and value of the land; that the defendant assured him that he would find the land just as he, the defendant, stated it; that the defendant assured him that the land lay within two and one-half miles of Eldora, the county seat of said Hardin county; that said town was one-third larger than Muncie, Indiana; that said land was dry and tillable; that twenty acres of it was broken, and fenced on two sides; that the defendant's brother had entered it for him; and that it was worth five hundred dollars; when, in truth, said land lies twenty miles from Eldora, which is a town not one-fifth the size of Muncie; that said land is not dry, tillable land, but is all low, wet, swampy land; that it cannot be drained, and cannot be farmed; that no part of it is or ever has been broken; that there is no fence upon any portion of it; that the defendant's brother did not enter it, but the defendant bought it or traded for it of one Jones; and that, for the purpose for which the plaintiff bought it, it is of no value whatever.

RAY, J.—The first paragraph of the complaint was insufficient, and the demurrer should have been sustained to it. There is no averment that the plaintiff relied upon the representations of the defendant. The want of such averment cannot be supplied by a recital of evidence which might justify a presumption that the representations were relied upon, unless such evidence be conclusive of that fact.

The judgment is reversed, with costs; and the cause remanded, with directions to sustain the demurrer to the first paragraph of the complaint.

C. E. Shipley, for appellant.

T. J. Sample, for appellee.