## Champion *versus* Gordon.

1. No days of grace are allowed on a post-dated check drawn on a bank or banker. The same rule applies to such a check payable at a future day.

2. An order drawn in the ordinary form of a bill of exchange, whether on a banker or other person, is a bill with all the liabilities and privileges incident by the law merchant to a bill of exchange.

3. The same is the rule where an order is upon a person not a banker, with whom the drawer keeps his money on deposit.

4. By a check on a bank payable at a future day the drawer undertakes only that he will have the money there at that day.

5. Lawson *v.* Richards, 6 Phila. Reports 179, adopted.

February 2d 1872. — Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia :* of January Term 1871, No. 237.

On the 5th of March 1870, Alonzo Gordon brought an action of assumpsit against John B. Champion on the following check, of which the plaintiff was endorsee and holder.

"Philadelphia, November 22d 1869.

"The Commonwealth National Bank pay to H. Yerkes, or order, one hundred and fifty (December 3d 1869) dollars.
                                        "JOHN B. CHAMPION."

The check was protested December 3d 1869.

On the trial, October 19th 1870, the plaintiff offered the check and protest in evidence. The offer was objected to by the defendant, on the ground that the paper was an inland bill of exchange, had not been presented at maturity, and had been prematurely protested. The offer was admitted, and the court instructed the jury to find for the plaintiff; reserving the question whether the paper was a bill entitled to grace.

[Champion *v.* Gordon.]

The jury found for the plaintiff for $160.62.

The court afterwards entered judgment on the verdict for the plaintiff on the reserved question.

This was assigned for error by the defendant, who removed the record to the Supreme Court

*J. E. Carpenter* and *W. W. Wiltbank*, for plaintiff in error.

*J. W. Patton*, for defendant in error

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—The law merchant recognises clearly a distinction in many respects between checks on banks and ordinary bills of exchange.     One difference is, that when the former are payable on demand or at sight no days of grace are allowed.     The same rule holds when they are post-dated: Byles on Bills 14, note; 3 Kent's Com. 104, note; In re Brown, 2 Story's Reports 502; Daniel *v.* Kyle, 1 Kelly 304; Mohawk Bank *v.* Broderick, 10 Wend. 405; Salter *v.* Burt, 20 Wend. 205; Andrew *v.* Blackly, 11 Ohio (N. S.) 89; Westminster Bank *v.* Wheaton, 4 Rhode Island 30.     Whether it applies also to checks payable at a future day named, is a question upon which there is a contrariety of opinion and decision.     Mr. Justice Story says: "The argument pressed is that checks are always and properly payable on demand, and that when payable at a future time, they become to all intents and purposes inland bills of exchange.     But I am not, by any means, prepared to admit the validity or force of this distinction; and no case has been cited which in my judgment satisfactorily establishes it.     A check is not less a check, because it is post-dated, and thereby becomes in effect payable at a future and different time from that on which it is drawn or issued.     This is sufficiently apparent from the case of Allen *v.* Reeves, 1 East 435."     That was the determination of a question arising under the Stamp Acts, and it was there held that a post-dated check was not a draft payable on demand but at a future day, and therefore liable to the duty.     Judge Story adds: "It (a check) is usually also made payable on demand; although I am not aware that this is an essential requisite.     The distinguishing characteristics of checks, as contradistinguished from bills of exchange, are (as it seems to me) that they are always drawn upon a bank or banker; that they are payable immediately on presentment, without the allowance of any days of grace, and that they are never presentable for mere acceptance, but only for payment:" 2 Story's Rep. 512.     He quotes Chancellor Kent as concurring in these views: 3 Kent 104, n.

The ordinary commercial form of a bill of exchange payable at a future day is at so many days' or months' notice after date or

[Champion *v.* Gordon.]

sight. An order so drawn, whether upon a banker or any other person, ought to be regarded as a bill with all the privileges and liabilities which by the law merchant are incident to a bill. The drawer by adopting this usual form must be held so to intend. So if an order be drawn on a merchant or other person not a banker, with whom the drawer keeps money on deposit subject to draft, payable at a future day named, there exists no reason why the same rule should not apply. But there is a good reason why there should be a difference between an order so drawn upon a banker, which certainly must be presumed to be by a person who keeps money on deposit with such banker, subject to draft, and an order on a merchant or other person. If such an order drawn upon a bank payable at a future day named in it, must be considered as an inland bill of exchange, and not a check, then the payee or holder has the right to present it at once for acceptance, protest it at once for non-acceptance, and sue the drawer immediately. Should it be accepted, however, the funds of the drawer in the bank would necessarily be thereby tied up, until the day of payment. All the objects of directing payment at a future day would thus be frustrated. What the drawer undertakes is, that on a day named he will have the amount of the check to his credit in the bank. In the mean time he wants the full and free use of his entire deposit. It is not denied that a post-dated check cannot be presented for acceptance. That is by implication payable on a future day. Why then is a check expressly so made payable to stand on different ground? In the case before us an ordinary printed form of a bank check was evidently used, and the day of presentment written in one of the blanks. This is the most convenient form, for it calls the attention of the cashier or paying-teller to the fact, which he would be likely to overlook if it were expressed only by the date. Nothing, I am told, is more common than such mistakes in the payment of post-dated checks, and depositors often thus find their account overdrawn, very much to their embarrassment. If we determine that an order like that before us is not presentable for acceptance before maturity, we settle the question. It is a check and not a bill of exchange. More than twenty years ago the banks of Philadelphia under the advice of their counsel adopted this rule, and it has been their uniform practice ever since. The usage of the banks in the commercial metropolis of the state ought to have great weight in determining a question of this character. It is perhaps quite as important that such usage should not be disturbed, as that the point should be decided abstractly or theoretically right. It was so held in 1866 in the District Court of Philadelphia, in Lawson *v.* Richards, 6 Philadelphia Rep. 179, a case in which the most eminent counsel at the bar were concerned for the defendant, and that determination was acquiesced in.

Judgment affirmed.