## SIOUX BANKING CO. v. KENDALL *et al.*

1. The direction of a verdict upon the evidence, if erroneous, is an "error of law occurring at the trial."

2. To make false representations legally available, they must not only have been believed, but they must have been acted upon, and formed, at least in part, the inducement for the action resulting in damage,

3. C. testified that in making a trade he believed the statements of B., who represented the defendants. *Held,* that this alone was not sufficient to show that such statement induced the belief or influenced the trade, as he might have believed the statement on the sole ground that it was consistent with what he had already concluded from other information, independent of such statement.

(Syllabus by the Court. Opinion filed Feb. 23, 1895.)

Appeal from circuit court, Miner county. Hon. D. HANEY, Judge.

Action to recover damages alleged to have been occasioned by reason of false representations. Judgment for defendants, and plaintiff appeals. Affirmed.

*D. C. & W. R. Thomas,* for appellants.

It is not incumbent upon an indorsee of a negotiable promissory note endorsed to him "without recourse" to examine into the financial condition of the maker, if to such an indorsee it is represented by the indorser that the note is good and is secured. He may rely upon such representations and is not negligent in so doing. Hank v. Fletcher, 22 N. W. 593; Stevens. v. Allen, 32 Pac. 922; Levitt v. Sizer, 52 N. W. 832; Rhoda v. Annis, 46 Am. Rep. 354; Tiedeman on Com. Paper Sec. 260; Stevenson v. O'Neil, 71 Ill. 314; Kelly v. Whitney, 45 Wis. 115. It is enough to entitle this plaintiff to recover if either of the false representations complained of was a material inducement to the transaction though there may have been other cooperative inducements. Bank v. Bank, 56 Fed. 139; Cooley on Torts 502; 3 Sutherland on Dam. 1586; Weber v. Weber, 47 Mich. 569; Porter v. Fletcher, 25 Minn. 493; Williams v. Bates, 20 N. W. 31; Redding v. Wright, 51 N. W. 1056; Burr v. Wilson, 22 Minn. 206. It was error for the trial court to take the questions of whether the representations misled plaintiff to its injury, and of negligence from the jury. Bank v. North, 51 N. W. 96; Savage v. Strauss, 126 Mass. 207; Bradford v. Neil, 49 N. W. 193; Woolenslagle v. Runals, 43 N. W. 454.

*C. A. Crissey, L. J. Martin* and *A. E. Chamberlain,* for respondents.

Kellam, J.   This is an appeal from a judgment and an order denying a new trial.   The case was tried to a jury, and a verdict for defendants directed by the court.   Among the errors assigned is the insufficiency of the evidence to justify the verdict.   It is probable, as urged by respondents, that this assignment is not sufficiently supplemented with the specification of the particulars in which the evidence is claimed to be insufficient to justify this court in examining the question as one of fact; but, the trial court having disposed of the case as one of law, the question here is not whether the verdict is sustainable as a conclusion of fact, but whether the court was right in treating the case as presenting no question of fact, and so deciding it as a question of law.   Mercantile Co. v. Faris (S, D.) 60 N. W. 403.   The direction by the court of a verdict for defendants, if error at all, was error at law, and was properly and sufficiently specified as such in the statement upon which the motion for new trial was made.   Donahue v. Gallavin, 43 Cal. 573.   The question before us, then, is, does the abstract present evidence which, if believed by the jury, would permit a verdict for the plaintiff?   We say "permit," for if the evidence was such that the jury might have found for the plaintiff, the case should not have been taken away from them, and decided as a question of law.   Plaintiff's cause of action, as stated in its complaint, was that defendants, conspiring together, fraudulently induced the plaintiff to transfer to them a valuable horse, of the value of $700, for $100 in money and two promissory notes amounting to $525, against a third party, which notes the defendants fraudulently represented to be good and collectable; that the maker of the notes was solvent, and able to pay, and that the notes were secured by ample chattel mortgage security,—all of which was false, but was believed and relied upon by plaintiff; that upon discovery of the fraud plaintiff offered to return the money and the notes, and demanded the horse, which defendants refused.   Benn did not answer.   The answer

of the other defendants was a general denial. There is nothing in the case to indicate upon what particular ground, if any, the verdict was asked or directed. Upon the theory of the complaint and the theory of the trial it was incumbent on plaintiff to show that Benn, who conducted the negotiation with plaintiff, was the authorized agent of defendants Kendall & Mills; that the representations were made and relied upon by plaintiff, and induced the trade; and that they were false. In their brief, respondents justify the ruling of the court on the ground that there is no evidence showing that plaintiff made the trade on the strength of Benn's representations. The only evidence we can find on this point is that of Church, who represented plaintiff in making the trade. He says: "The way I came to make this exchange was that I believed what Mr. Benn was telling me, and considered the consideration sufficient, and dealt with him." To make a false representation legally actionable, it must have been the cause of injury to the complaining party. To show this devolves upon him who claims to have been so damaged. Church does not say or claim that his belief was in any degree induced or influenced by what Benn told him. He simply "believed what Benn was telling him." His belief may have rested entirely upon other foundation than Benn's statement, and he belived his statement simply because it was consistent with what was and would have been his judgment and belief, independent of such statement. A man sells me a horse, telling me he is sound. I already know the horse, and have examined him. I believe, and can truthfully say that I believe, what he tells me, but I do not believe it because he says so. His statement does not create or induce the belief, but is consistent with it, and therefore I believe it. We discussed this question, and upon nearly the same evidence, in Bank v. North (S. D.) 51 N. W. 98. The weakness of Church's evidence in this respect is that it does not show that plaintiff acted upon Benn's statement, or relied upon it in making the

trade.   He simply believed that Benn was telling him something that was true.   To act upon false representation in reliance upon its truthfulness is a necessary part to be shown by one charging damaging fraud.   Cooley, Torts, 502.   Lefler v. Field, 52 N. Y. 621, was an action for the price of barley.   Defendants answered that the barley was bought by their agents; that plaintiff represented it good, first quality, and merchantable; that the agent relied upon such representation; that the barley was not merchantable, and that plaintiff knew it.   The court of appeals held the answer worthless, since it omitted two essential elements of fraud:   (1) Plaintiff's intent to deceive; and (2) that defendants were in fact deceived.   In Slaughter's Adm'r. v. Gerson, 13 Wall. 379, Mr. Justice Field, in speaking of the requisites of a misrepresentation to make it fraudulent, says:   "It must be a representation upon which he (the complaining party) relied, and by which he was actually misled to his injury."   In Taylor v. Guest, 58 N. Y. 262, the court says: "In a legal sense, a person is not damaged by a false representation by which he is not influenced.   It is incumbent upon the party claiming to recover in an action for deceit, founded upon false representations, to show that he was influenced by them. *   *   *   In all cases it is a fact which should be averred in the complaint, and must be maintained by evidence."   In Van de Sande v. Hall, 13 How. Pr. 458, an answer was held bad because it omitted "to allege that the defendant was misled by the representation, or that his belief in the truth of the representation induced him to enter into the lease."   In Going v. White, 33 Ind. 125, it said that, to make fraudulent representations actionable, the complaint must contain an averment that the plaintiff relied upon the representations.   The want of such averment cannot be supplied by a recital of evidence which might justify a presumption that the representations were relied upon, unless such evidence be conclusive of the fact.   In this respect we think there was a fatal defect in plaintiff's proof.   It was an essential element in plaintiff's case, without

establishing which it could not recover.  The evidence offered would not have justified the jury in finding that the plaintiff was induced to part with its property by the representation of Benn.  The trial court was therefore right in directing a verdict for defendants.  The judgment is affirmed.  All the judges concur.