Pollin *v.* Mindy Mfg. Co., Inc. (et al., Appellant).

Argued September 13, 1967. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

reargument re-
fused November 30, 1967.

*Martin J. Resnick,* with him *Techner, Rubin & Shapiro,* for appellant.

*Edwin S. Moore, III,* with him *Moore, James, Wright & Gibbons,* for appellee.

OPINION BY MONTGOMERY, J., November 16, 1967:

This appeal by Robert L. Apfelbaum, one of the defendants, is from a judgment entered against both defendants on the pleadings in an action of assumpsit. The corporate defendant did not appeal.

The complaint sets forth in Count No. 1 that plaintiffs are in the business of cashing checks, that on September 23, 1966 Mindy Mfg. Co., Inc. issued and distributed payroll checks to its employes payable to their orders[1] and drawn on the Continental Bank and Trust Company in payment for wages earned by said employes; that plaintiffs cashed these checks for a small fee on the endorsement and delivery of same by the payees, and in turn endorsed same and deposited them in their account at the Provident National Bank of Philadelphia, which in turn presented them to the Continental Bank and Trust Company, which institution refused payment because Mindy Mfg. Co. did not have sufficient funds on deposit then to cover them; and that thereafter demand was made on Mindy Mfg. Co. for payment, but it was refused; and

In Count No. 2, after incorporating by reference the foregoing allegations it stated that Robert L. Apfelbaum, an individual, signed all of the aforementioned checks, with but one exception, which signature was "absolute and unqualified" but that he has refused to pay those which he signed which total $2,252.09.

The checks are in evidence and are boldly imprinted at the top, Mindy Mfg. Co., Inc., 26th & Reed Streets,

---

[1] Thirty-six checks are involved, each payable to a different individual in various amounts totaling $2,333.19.

Philadelphia, Penna. 19146—Payroll Check No. ——,
and also Mindy Mfg. Co., Inc., is imprinted above two
blank lines appearing at the lower right-hand corner;
also on the lower left-hand corner appears Continental
Bank and Trust Company, Norristown, Pa., in type.
Under the imprinted name of the corporate defend-
ant, on the first line, appears the signature of defend-
ant Robert L. Apfelbaum without any designation of
office or capacity on all of the checks before us in this
appeal; the name of Estelle Apfelbaum appears on the
other check mentioned in Count No. 1 which was in
the amount of $81, but she was not made a party to
the action.

In answer to the allegations contained in the first
count appellant admitted all of them but alleged that
on September 23, 1966 when the checks were drawn,
Mindy Mfg. Co., Inc. had on deposit in Continental
Bank and Trust Company approximately $4,400 which,
on September 26, 1966 was appropriated by that insti-
tution and applied on a $7,000 demand note of the
Mindy Mfg. Co., Inc. which it held, without notice to
the corporation. Mindy Mfg. Co., Inc. filed no an-
swer.

In answer to the other allegations of the second
count appellant averred that he signed the checks as
president of Mindy Mfg. Co., Inc., and not in his indi-
vidual capacity.

Summary judgment against appellant was entered
by the lower court on the authority of Section 3-403
of the Uniform Commercial Code, the Act of April 6,
1953, P. L. 3, §3-403, 12A P.S. §3-403, which provides,
"An authorized representative who signs his own name
to an instrument. . . . (b) except as otherwise estab-
lished between the immediate parties, is personally obli-
gated if the instrument names the person represented
but does not show that the representative signed in a
representative capacity . . .", and our decisions there-

under, *Bell v. Dornan,* 203 Pa. Superior Ct. 562, 201 A. 2d 324 (1964), and *Pittsburgh National Bank v. Kemilworth Restaurant Company, Inc.,* 202 Pa. Superior Ct. 238, 195 A. 2d 919 (1963).

The issue before us, therefore, is whether a third party to the original transaction, the endorsee in the present case, may recover against one who affixes his name to a check in the place where a maker usually signs without indicating he is signing in a representative capacity, without giving consideration to other parts of the instrument or extrinsic evidence. This appears to be a novel question under the Uniform Commercial Code.

If this were an action brought by the payee parol evidence would be permitted to establish the capacity of the person affixing his signature under Section 3-403(b) previously recited and our decisions in *Bell v. Dornan* and *Pittsburgh National Bank v. Kemilworth Restaurant,* supra.

However, since this is an action brought by a third party our initial inquiry must be for the purpose of determining whether the instrument indicates the capacity of appellant as a signer. Admittedly, the instrument fails to show the office held by appellant. However, we do not think this is a complete answer to our problem, since the Code imposes liability on the individual only ". . . if the instrument . . . does not show that the representative signed in a representative capacity . . ." This implies that the instrument must be considered in its entirety.

Although Section 3-401(2) of the Uniform Commercial Code provides that "A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature", which would be broad enough to include the printed name of a corporation, we do not believe that a check showing two lines un-

der the imprinted corporate name indicating the signature of one or more corporate officers would be accepted by any reasonably prudent person as a fully executed check of the corporation. It is common to expect that a corporate name placed upon a negotiable instrument in order to bind the corporation as a maker, especially when printed on the instrument, will be accompanied by the signatures of officers authorized by the by-laws to sign the instrument. *Norman v. Beling,* 33 N.J. 237, 163 A. 2d 129, 82 A.L.R. 2d 417 (1960), and cases therein cited. While we do not rule out the possibility of a printed name being established as an acceptable signature, we hold that such a situation is uncommon, and in the present case the two lines under the printed name dictate against a valid corporate signature. Corporations act through officers. *Whitemarsh Township Authority v. Finelli Brothers, Inc.,* 408 Pa. 373, 184 A. 2d 512 (1962); *Lebowitz v. Keystone Insurance Agency, Inc.,* 198 Pa. Superior Ct. 495, 182 A. 2d 289 (1962).

Next we must give consideration to the distinction between a check and a note. A check is an order of a depositor on a bank in the nature of a draft drawn on the bank and payable on demand. It is revokable until paid or accepted for payment. A note is an irrevocable promise to pay on the part of the maker. The maker of a check impliedly engages not only that it will be paid, but that he will have sufficient funds in the bank to meet it. *First National Bank of Warren v. J. A. Cadwallader,* 10 Sadler 534 (1888); *Champion v. Gordon,* 70 Pa. 474 (1872). In the present instance the checks clearly showed that they were payable from a special account set up by the corporate defendant for the purpose of paying its employes. This information disclosed by the instrument of itself would refute any contention that the appellant intended to make the instrument his own order on the named bank to pay

money to the payee. The money was payable from the account of the corporation defendant over which appellant as an individual had no control.

Considering the instrument as a whole we conclude that it sufficiently discloses that appellant signed it in a representative capacity.

If further support for our conclusion is necessary it may be found in the action of appellee who accepted the instrument as that of the corporate defendant. In its complaint it so avers. On that basis it proceeded against the corporate defendant and secured a judgment. That judgment was predicated on a proper execution of the instrument by that defendant which required the signature of its representative. Therefore it accepted appellant's signature as that representative. In fact, in his complaint against appellant he avers the checks were those of the corporation.

Having secured a judgment on that basis against the corporate defendant, we are at a loss to see how he may now contend that appellant's signature was on his individual behalf and not in a representative capacity. It must be one or the other. It cannot be both.

Judgment reversed and entered for appellant-defendant.

WATKINS, J., dissents.