VIAJES IBERIA, S.A., Appellant
v.
DOUGHERTY, et al., Respondent

(212 N.W.2d 656)

(File No. 11117. Opinion filed December 7, 1973)

**Woods, Fuller, Shultz & Smith** and **William G. Taylor, Jr.,** Sioux Falls, for plaintiff and appellant.

**George Weisensee,** Sioux Falls, for defendant and respondent.

DOYLE, Justice.

This action was brought by the plaintiff, Viajes Iberia, S.A. (S.A. is Spanish for the corporation designation) against defendants, James Dougherty and All Nations Travel, Inc., to recover the sum of $30,565.55 due and unpaid on a check given to the plaintiff corporation on February 28, 1970, for services performed. This amount due is undisputed between the parties.

Plaintiff corporation alleged in substance that Dougherty was an officer, agent or employee of the defendant, All Nations

Travel, Inc., a corporation, and that the defendants, Dougherty and All Nations Travel, Inc., gave a check to plaintiff corporation on February 28, 1970, in the sum of $35,565.55 for services performed. This check was dishonored and returned unpaid to the plaintiff as there were not sufficient funds in the account on which it was drawn to cover the draft. Plaintiff corporation also claims that James Dougherty did represent the check to be good when he presented it for payment of services rendered; consequently, he wilfully and unlawfully defrauded and deprived the plaintiff of said funds. It is agreed by the plaintiff and defendant that $5000.00 has been paid on the check by the defendants and that the balance amounts to $30,565.55.

Plaintiff requested judgment against All Nations Travel, Inc. for this amount with interest and costs, and judgment against James Dougherty, individually, for the same amount based upon fraud and deceit.

The court, after hearing the testimony of Juan Pascual Garau, manager of the foreign department of the plaintiff corporation, and the testimony of Dougherty, examined as an adverse witness under the statute by the plaintiff's attorney, directed a verdict against All Nations Travel, Inc. for the sum requested in the complaint and dismissed the action against Dougherty individually. From the judgment in favor of James Dougherty the plaintiff appeals.

The plaintiff confines its appeal to three issues:

"1. The defendant James Dougherty, by electing to sign a check purportedly drawn against a corporation but not reflecting any representative capacity, is individually liable on the check.

2. The defendant James Dougherty wilfully and fraudulently misled the plaintiff by misrepresenting the financial condition of the third party in order to induce the plaintiff to take the check of that third party, and thus is liable therefor.

3. The trial court erred in dismissing the plaintiff's Complaint, and directing a verdict in favor of the defendant James Dougherty because the evidence did not show that a contrary finding by the jury would have been manifestly against the evidence."

The plaintiff contends SDCL 57-13-5 (UCC 3-403(2)) to be applicable, it reads:

*"Representative's signature—Personal obligation.—* An authorized representative who signs his own name to an instrument

(1) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(2) *Except as otherwise established between the immediate parties,* is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." (emphasis added)

In our opinion this case comes within the purview of the underlined portion of (2) of the statute.

No question exists in this case as to the actual knowledge, on the part of the plaintiff, of the fact that Dougherty was acting as the President of All Nations Travel, Inc. This fact was pleaded in the complaint. The manager of the foreign department of the plaintiff corporation, Juan Pascual Garau, came to Sioux Falls, South Dakota, for the purpose of testifying in behalf of the plaintiff in this action. He showed, in his testimony, a familiarity with the nature and operation of corporations. His answers in response to questions propounded on direct examination are:

"THE COURT: Was this a personal check?

A. A company check.

Q. This was a check with All Nations caption?

A. Yes. Signed by Mr. Dougherty.

Q. Do you know what his capacity was with All Nations?

A. Yes.

Q. What was that?

A. Capacity is the—

Q. What was his function with All Nations as far as—

A. President."

It is noteworthy that all correspondence between the plaintiff and defendant was addressed by the plaintiff to All Nations Travel, Attn. Mr. Dougherty. Furthermore, the check upon which this action is based is denoted as a company check, although the nature of Dougherty's capacity is not stated upon the face of the check.

It is clear that the plaintiff had actual notice of the fact that Dougherty was, in this transaction, acting in the capacity of President of All Nations Travel, Inc. This fact was both pleaded by the plaintiff and admitted upon the witness stand by Garau. Actual notice consists in express information of a fact, SDCL 17-1-2. We are of the opinion that the plaintiff, by and through its officers, agents and employees, knew that Dougherty was, at all pertinent times, acting as an officer of defendant All Nations Travel, Inc., and not in his individual capacity. Thus, the transaction falls within that portion of SDCL 57-13-5:

" * * *

(2) Except as otherwise established between the immediate parties * * *."

In Pollin v. Mindy Mfg. Co., 1967, 211 Pa.Super. 87, 236 A.2d 542, it is stated:

"Considering the instrument as a whole we conclude that it sufficiently discloses that appellant signed it in a representative capacity.

"If further support for our conclusion is necessary it may be found in the action of appellee who accepted the instrument as that of the corporate defendant. In its complaint it so avers. On that basis it proceeded against the corporate defendant and secured a judgment. That judgment was predicated on a proper execution of the instrument by that defendant which required the signature of its representative. Therefore it accepted appellant's signature as that representative. In fact, in his complaint against appellant he avers the checks were those of the corporation.

"Having secured a judgment on that basis against the corporate defendant, we are at a loss to see how he may now contend that appellant's signature was on his individual behalf and not in a representative capacity. It must be one or the other. It cannot be both."

As to plaintiff's contention that defendant Dougherty wilfully and unlawfully defrauded and deprived plaintiff of funds, we are of the opinion that the record clearly reflects that substantially all the services rendered by the plaintiff had been performed by the plaintiff prior to the settling of accounts with Dougherty, and plaintiff was not induced to part with any goods or services as a result of the issuance of said check by the defendant Dougherty.

A statement of the amount due for services rendered by the plaintiff was presented to Dougherty the evening of February 28, 1970, by Garau as agent for the plaintiff. After some deductions

and adjustments in the statement the check in question (Exhibit 1) was given to Garau by defendant Dougherty, as the travel group was leaving the following day. This is confirmed by plaintiff's own testimony. On cross-examination by defendant's counsel, Garau stated:

"Q. Actually the services rendered in exchange for Exhibit 1 (the check) had already been rendered before the check was made out, is that correct?

A. Yes."

37 Am.Jur.2d, Fraud and Deceit, § 223, states:

"It is a fundamental principle of the law of fraud, regardless of the form of relief sought, that in order to secure redress, the representee must have relied upon the statement or representation as an inducement to his action or injurious change of position * * *."

First National Bank v. North, 1892, 2 S.D. 480, 51 N.W. 96; Sioux Banking Co. v. Kendall, 1895, 6 S.D. 543, 62 N.W. 377.

The record clearly reflects that substantially all services had been performed by the plaintiff prior to the settling of accounts with Dougherty nor was plaintiff induced to part with any goods or services as a result of the issuance of said check by defendant Dougherty.

The judgment of the trial court is affirmed.

BIEGELMEIER, C. J., and WINANS and WOLLMAN, JJ., concur.

DUNN, J., not participating.