665 P.2d 576

**VALLEY NATIONAL BANK, SUNNY-MEAD, a California corporation, Plaintiff-Appellant,**

v.

**C.T. COOK and J.M. Cook, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 5404.**

Court of Appeals of Arizona,
Division 1, Department A.

March 8, 1983.
Rehearing Denied April 12, 1983.
Review Denied May 24, 1983.

Thomas G. Luikens, Phoenix, for plaintiff-appellant.

Dohn M. Rosenthal, Scottsdale, for defendants-appellees.

## OPINION

CORCORAN, Judge.

The issue raised in this appeal is whether an individual who signs a check without indicating her representative capacity is personally liable on the obligation evidenced by the check when the check has the name of the corporate principal printed on it. We adopt the minority rule and hold that the individual is not personally liable. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 13–4 (2d ed. 1980).

On October 21, 1977, appellee J.M. Cook (Cook), the treasurer of Arizona Auto Auction and R.V. Center, Inc., (Arizona Auto Auction, Inc.) issued three corporate checks to Central Motors Company. Central Motors deposited these checks in its corporate account which was held by appellant Valley National Bank, Sunnymead, a California corporation (Bank). The Bank then sent each of these checks for payment to Arizona Auto Auction, Inc.'s drawee bank, First National Bank of Arizona. However, a stop payment order had been put on these checks and the First National Bank dishonored each of the checks. The checks were returned to the Bank, and the account of Central Motors was charged back for the

amount of the checks which totaled $9,795. The bank was unable to recover this amount from Central Motors. The Bank demanded payment from Arizona Auto Auction, Inc., but the demand was not honored. On March 27, 1978, the Bank commenced suit against Arizona Auto Auction, Inc., and J.M. Cook and her spouse.

The case was tried to the court on August 1, 1979. After trial, the court found that the Bank was a holder in due course and that the Arizona Auto Auction, Inc., was obligated as drawer for the face amount of the checks, $9,795. However, the judgment provided that Cook was not personally liable on the checks and awarded her attorney fees as a prevailing party against the Bank. Arizona Auto Auction, Inc., does not appeal from the judgment against it. However, the Bank appeals from that portion of the judgment which is in favor of Cook and her husband as to liability and the award of attorneys' fees.

The question of whether Cook signed in her individual or representative capacity is governed by section 3–403 of the Uniform Commercial Code (UCC) as adopted in this state. A.R.S. § 44–2540 provides:

A. A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

B. An authorized representative who signs his own name to an instrument:

1. Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

2. Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show

that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

C. Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

The Bank argues that this section conclusively establishes Cook's personal liability on the checks. We do not agree. Admittedly, the checks fail to specifically show the office held by Cook. However, we do not find that this fact conclusively establishes liability since A.R.S. § 44–2540(B)(2) imposes personal liability on an agent who signs his or her own name to an instrument only "if the instrument . . . does not show that the representative signed in a representative capacity." Thus, we must look to the entire instrument for evidence of the capacity of the signer. *Southeastern Financial Corp. v. Smith,* 397 F.Supp. 649 (N.D.Ala.1975), *rev'd on other grounds* 542 F.2d 278 (5th Cir.1976); *Pollin v. Mindy Mfg. Co., Inc.,* 211 Pa.Super. 87, 236 A.2d 542 (1967).

The checks are in evidence and are boldly imprinted at the top "Arizona Auto Auction, Inc." and also "Arizona Auto Auction, Inc." is imprinted above a signature line appearing at the lower righthand corner. Under the imprinted name of the corporate defendant appears the signature of appellee Cook without any designation of office or capacity on each of the checks before us on appeal. Appellee Cook did not endorse the checks on the back. The record does not reflect appellee Cook made any personal guaranty of these checks or any other corporate obligation. By way of example, we reproduce one of these checks:

ARIZONA AUTO AUCTION, INC.   No 5650
2701 W. THOMAS RD.   TELEPHONE 269-6271
PHOENIX, ARIZONA 85009   91-0001/1221

| CAR NO. | DESCRIPTION | SELLING PRICE | DEDUCT | | NET AMOUNT |
| | | | COMM. | OTHER | |
|---|---|---|---|---|---|
| 88A | 75 Olds 98 HT 4D 140496 | 2900.00 | 50.00 | | 2850.00 |

CHECKS MUST BE CLEARED THROUGH CONSIGNOR'S BANK

PAY   TWO THOUSAND EIGHT HUNDRED FIFTY AND NO/100   DOLLARS

DATE   AMOUNT
TO THE ORDER OF   CENTRAL MOTORS CO   10/21/77   $ 2850.00

ARIZONA AUTO AUCTION, INC.

FIRST NATIONAL BANK OF ARIZONA
31ST AVE. & INDIAN SCHOOL   PHOENIX

⑆1221⑈000⑈   0622⑈18585⑈   ⑆0000285000⑈

The Superior Court of Pennsylvania was confronted with a similar situation in *Pollin v. Mindy Mfg. Co., Inc., supra.* There the court denied recovery by a third party endorsee against one who affixed his signature to a payroll check directly beneath the printed corporate name without indicating his representative capacity. In *Pollin* the checks were boldly imprinted at the top with the corporate name, address, and appropriate check number. The printed name of the drawee bank appeared in the lower lefthand corner of the instrument and the corporate name was imprinted in the lower righthand corner. Directly beneath the corporate name were two blank lines. The defendant-appellant had signed the top line without any designation of office or capacity. Pointing out that the code imposes liability on the individual only when the instrument controverts any showing of representative capacity, the court considered the instrument in its entirety. The court in *Pollin* held that disclosure on the face of the instrument that the checks were payable from a special payroll account of the corporation over which the appellant had no control as an individual negated any contention that appellant intended to make the instrument his own order to pay money to the payee.

The difference in outcome in the *Pollin* case and the cases cited by the Bank in which corporate agents were held liable for failing to show a corporate title reflects the *Pollin* court's emphasis on *business expectations,* an emphasis which is proper and entirely consistent with the spirit of UCC § 3–403. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 13–4 at 494–95 (2d ed. 1980). In determining what these expectations might be, it is important to draw a distinction between a check and a note:

The payee of a corporate check with the corporate name imprinted on its face probably expects less from the individual drawer than the payee of a corporate note may, where both the corporate name and the maker's name may be either handwritten or typewritten. Further, it is common for creditors to demand the individual promise of officers on corporate promissory notes, specially in the case of small corporations. Thus, we think a court should be more reluctant to find an agent personally liable who has signed a corporate check than in the case of a similar indorsement of a corporate note. This does not mean that the drawer of a corporate check will never be personally liable; indeed, more than a few have been stuck. Rather, we hope that courts will be more conscious of differences in business practices with respect to different types of instruments

when they evaluate the extrinsic evidence presented by the parties.

*Id.* at 495; *see e.g. St. Croix Engineering Corp. v. McLay,* 304 N.W.2d 912 (Minn. 1981), and *Pollin, supra.* Thus, while it may be common for creditors of small corporations to demand that corporate officers personally obligate themselves on corporate notes, it would be most unusual to demand the individual obligation of an officer on corporate checks.

The fact that common business expectations may not be consistent with a strict reading of UCC § 3–403(2), as that section relates to corporate checks, as opposed to notes, is exemplified by the record before us. Regarding the checks, a branch manager employed by the Bank, testified during trial as follows:

Q Would it be fair to say that when a bank receives an instrument that designates at the top a name of a corporation designated by Inc., that it would deal with that item at all times as a corporate instrument?

A That is correct.

Q And in the custom and usage of banking practices that would be considered a corporate instrument, would it not?

A Yes.

. . . .

Q And you receiving those instruments assumed, did you not, that Mrs. Cook was writing that instrument as a representative of the corporation, did you not?

A I would assume that she would have the authority to sign on that account.

Q And having that authority, you presume that she was writing that for and on behalf of the corporation; is that not correct?

A I would assume so, to pay these funds.

Q You didn't expect Mrs. Cook to individually pay these funds out of her pocket, did you? You expected the corporation to do it, did you not?

A I expected these funds to come from the account number coded at the bottom of this particular check.

Q And as far as you know, that account number was the account of the Arizona Auto Auction, Incorporated, is that not correct?

A That is correct.

Q You were not misled by the fact that she wrote on the instrument "J.M. Cook" were you?

A No.

This testimony is consistent with the common business and banking expectation that where a corporate name is printed on a check any accompanying signatures relating to the corporate drawer will be the signatures of officers authorized by the bylaws or corporate resolutions to sign the instrument in a representative capacity without regard to whether there is a specific reference to the representative capacity. This is especially clear where, as here, the check is drawn against a corporate checking account.

In this case the checks clearly show the name of the corporation in two places and the money was payable from the account of Arizona Auto Auction, Inc., over which Cook as an individual had no control. Considering the instruments as a whole, we conclude under these circumstances that they sufficiently disclose that Cook signed them in a representative and not an individual capacity.

Our conclusion is further supported by the actions of the Bank which accepted the checks as that of the corporate defendant, Arizona Auto Auction, Inc. In its complaint it so avers. As the court in *Pollin* stated:

On that basis it proceeded against the corporate defendant and secured a judgment. That judgment was predicated on a proper execution of the instrument by that defendant which required the signature of its representative. Therefore it accepted appellant's signature as that representative. In fact, in his complaint against appellant he avers the checks were those of the corporation.

Having secured a judgment on that basis against the corporate defendant, we are at a loss to see how he may now contend that appellant's signature was on his individual behalf and not in a representative capacity. It must be one or the other. It cannot be both.

211 Pa.Super. at 93, 236 A.2d at 545; *Viajes Iberia, S.A. v. Dougherty,* 87 S.D. 591, 596, 212 N.W.2d 656, 658 (1973).

The only objection made by the Bank on appeal regarding the award of attorneys' fees is predicated upon the assumption that this court reverses the judgment in favor of appellees Cook. Since we affirm the judgment, we also affirm the award of attorneys' fees. A.R.S. § 12–341.01. Appellees Cook have requested attorneys' fees on appeal. *Fousel v. Ted Walker Mobile Homes, Inc.,* 124 Ariz. 126, 130, 602 P.2d 507, 511 (App.1979). We will consider the issue of attorneys' fees on appeal in accordance with rule 21, Rules of Civil Appellate Procedure.

The judgment of the trial court and the award of attorneys' fees are affirmed.

OGG and FROEB, JJ., concur.