**ST. FRANCOIS COUNTY SERVICE CORP., Plaintiff/Respondent,**

v.

**Yu Lee GELERT, Defendant/Appellant.**

No. 55032.

Missouri Court of Appeals, Eastern District, Southern Division.

March 28, 1989.

Rehearing Denied April 25, 1989.

Dennis E. McIntosh, Farmington, for defendant/appellant.

Donald E. Gillihan, Farmington, for plaintiff/respondent.

GRIMM, Judge.

This is a suit on a check that was dishonored due to insufficient funds. In this judge tried case, defendant Yu Lee Gelert appeals from a judgment entered in favor of plaintiff St. Francois County Service Corp. We affirm.

Although Mrs. Gelert's brief contains two points relied on, in effect, only one allegation of error is raised. That allegation is the trial court erred in finding Mrs. Gelert personally obligated on the dishonored check. She specifically asserts the court incorrectly found that her signature did not show that she signed the check in a representative capacity of Conveo Company. We disagree. The check did not show that she was signing in a representative capacity for Conveo, nor was it "otherwise established" that she was not personally obligated on the check.

Yu Lee [1] and John Gelert were married in 1979. John operated Conveo Company, a Missouri corporation. Conveo's charter, however, was forfeited January 1, 1980. John continued to operate a business similar to that previously conducted by the corporation. No evidence was presented, however, that John had a bank account in his name. To the contrary, John avoided having an account because he was sometimes delinquent with child support owed to a former wife.

On December 29, 1982, an account was opened at Mercantile Bank of Farmington in the name of Yu Lee Gelert, doing business as Conveo Company. Yu Lee's social security number was placed on this account, and her signature was the only authorized signature on the account. John usually wrote out the checks, and then Yu Lee would sign them. Sometimes, though, Yu Lee signed blank checks which John would later fill out.

In 1985, the Gelert's had a fire in their home. Supplies and fixtures were purchased from Capital Supply Company to repair the house.

On November 4, 1985, John made out a check for $4,827.28 payable to Capital for these items; Yu Lee signed it. The check was delivered to Capital. Imprinted in the upper left-hand corner of the check is a logo which is apparently for the Conveo Company. Adjacent to the logo is the address of Conveo Company [2]. Immediately above the signature line, however, "Yu Lee H. Gelert" is imprinted. The signature of Yu Lee appears on the signature line.

A week later, this check was returned to Capital due to insufficient funds. Capital demanded payment of the balance and a service charge. On April 28, 1986, another "Conveo" check for $1,000.00, filled out by John and signed by Yu Lee, was sent to Capital. The remaining balance due Capital, however, was not paid.

John died on November 16, 1986. Capital assigned the account to St. Francois County Service Corp. for collection. This action resulted.

---

1. We refer to individuals by their first names for ease of reading, and not out of disrespect.

2. The address shown is that of the Gelert's residence. There was evidence that John had his office in the basement of their house.

Yu Lee alleges that the trial court erred in finding her personally obligated on the dishonored check. She specifically asserts the court incorrectly found that her signature did not show that she signed the check in a representative capacity of Conveo Company.

The liability of a party on a check is governed by § 400.3–403, RSMo 1986. Paragraph 2 states in part that "[A]n authorized representative who signs his own name ... (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity."

Considering the check in light of paragraph 2(a), it could be argued that the check on its face "names the person represented," namely, Conveo Company, and therefore Yu Lee is not personally obligated. However, the checking account is in the name of Yu Lee Gelert, d/b/a Conveo Company. Thus, Yu Lee is not merely the representative of Conveo, rather Yu Lee and Conveo are one in the same.

Nor does paragraph 2(b) aid Yu Lee. In its findings, the trial court said that "[n]o evidence has been presented to show that [Capital and Yu Lee] ... 'otherwise established' that [Yu Lee] was not to be held personally liable on the check." That finding is supported by the record. Neither her signature, or anything on the check, indicated that she was signing in a representative capacity. Thus, Yu Lee is personally liable on the check.

In support of her position, Yu Lee relies principally upon *Valley National Bank, Sunnymead v. Cook*, 136 Ariz. 232, 665 P.2d 576 (Ct.App.1983). *Cook* is not applicable for at least two reasons: (1) Missouri has neither adopted or rejected Arizona's resolution of this issue, and (2) there are substantial differences in the underlying facts.

In *Cook*, the checks were written on a corporate checking account; here, the account is not a corporate account. *Id.* 665 P.2d at 579. In *Cook*, the name of the corporation is imprinted not only in the upper left-hand corner, but also above the signature line. *Id.* 665 P.2d at 577. Here, the name of Conveo is imprinted in the upper left-hand corner, but imprinted above the signature line is "Yu Lee H. Gelert," not Conveo. In *Cook*, the court observed that the money was in a corporate account "over which Cook as an individual had no control." *Id.* 665 P.2d at 579. Here, Yu Lee as an individual had control of the account.

Thus, the trial court did not err in holding Yu Lee personally liable on the check. The judgment of the trial court is affirmed.

DOWD, P.J., and CRANDALL, J., concur.