**Connie L. COOPER, Appellant,**

v.

**EMERY AND SONS, Respondent.**

**No. WD 45169.**

Missouri Court of Appeals,
Western District.

April 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Martha S. Rigby, Kansas City, for appellant.

J. Roger Irvin, Adrian, for respondent.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Connie L. Cooper appeals from a court order granting summary judgment in favor of Emery and Sons. The court awarded $500 to Emery plus $202.50 in interest and $500 in statutory damages.

Cooper worked as an office manager for Wonderwood Manufacturing, Inc., from January 3, 1985, until February 12, 1987. Her duties included opening mail, ordering supplies, scheduling trucks, hiring employees, doing payroll, answering the telephone, writing letters and paying bills. Cooper was not an officer or a member of the board of directors of Wonderwood, nor did she own any stock in the corporation.

On December 11, 1986, Cooper wrote a check to Emery for $500 on a large-sized company check which had imprinted in the upper-left hand corner: "WONDERWOOD MANUFACTURING, INC., Rich Hill, MO 64779." Cooper signed the check without indicating her representative capacity. When the check was presented to the drawee-payor bank, Metz Banking Company, the account had insufficient funds to cover the check.

Emery filed a petition in small claims court against Cooper, doing business as Wonderwood Manufacturing, Inc., to collect on the check. The court entered judgment in favor of Cooper, and Emery made an application for a trial de novo. Cooper and Emery filed motions for summary judgment, and the court granted Emery's motion. We affirm.

Cooper contends the court erred in granting Emery's motion for summary judgment and finding her personally liable on the check because the check indicated that she, as the employee-signer, was executing the check in a representative capacity. We disagree.

Section 400.3–403(2), RSMo 1986, provides:

An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

Cooper argues that the check names Wonderwood as the party represented and, therefore, she is not personally liable. Neither her signature nor anything on the check, however, indicated that she was signing in a representative capacity. We conclude from § 400.3–403(2)(b) that Cooper is personally liable.

Cooper relies on *Valley National Bank, Sunnymead v. Cook*, 136 Ariz. 232, 665 P.2d 576 (Ct.App.1983), but in that case, the name of the corporation was imprinted not only in the upper left-hand corner of the check, but also above the signature line. In this case, the name of the corporation appeared only in the upper left-hand corner

of the check, and nothing appeared near Cooper's signature.

Thus, we conclude that the trial court did not err in holding Cooper personally liable on the check and did not err in granting summary judgment in Emery's favor. Judgment affirmed.

All concur.