United States Court of Appeals,

Fifth Circuit.

No. 93-2419

Summary Calendar.

FDIC, as Receiver for Harris County Bank, Houston, Plaintiff-Appellee,

v.

TRANS PACIFIC INDUSTRIES, INC., et al., Defendants,

W.K. Robbins, Jr., Defendant-Appellant.

Feb. 14, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

W.K. Robbins, Jr. appeals an adverse summary judgment holding him personally liable on promissory notes which he maintains he signed in his representative capacity only. We agree with Robbins and therefore reverse and render judgment in his favor.

*Background*

The FDIC as receiver for Harris County Bank—Houston, N.A. filed suit to enforce two promissory notes payable to the Bank, one for $67,500 and the other for $100,000. The suit sought recovery from Trans Pacific Industries, Inc. and Robbins, TPI's board chairman. On cross-motions for summary judgment the district court held both defendants liable. Robbins appealed.

*Analysis*

We review a summary judgment under the same standard used by the district court, affirming only if there is no dispute of material fact and the movant is entitled to judgment as a matter of law.[1] As with any contract, interpretation of an unambiguous note as here presented is a question of law

---

[1]Fed.R.Civ.P. 56(c).

which we review *de novo.*[2]  So doing, we are persuaded that the district court erred.

The top left corner of each note contains a block for designation of "Borrower(s) Name(s) & Address(es)."  The only borrower identified in that block is TPI.  Underneath, the text begins with the sentence "The undersigned Borrower(s) (if more than one, jointly and severally and hereinafter, whether one or more, called Borrower) promises to pay to the order of the above-named Lender...."  The signature block in the bottom right corner has three lines with the designation "Borrower" at the end of each.  On each note "TRANS PACIFIC INDUSTRIES" is typewritten on the first line and the signature "W.K. Robbins, Jr." typewritten below.[3]  On the reverse side there is a guaranty which is unsigned.

Robbins contends that he signed only in his capacity as agent for TPI.  The government contends that he is bound in his individual capacity as well.

The import of a signature by an authorized representative is governed by section 3-403 of the Uniform Commercial Code.[4]  That section provides in pertinent part:

(2) An authorized representative who signs his own name to an instrument

. . . . .

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity....

The FDIC contends that Robbins is personally liable under subsection (2)(b) because the note did not show that Robbins signed in a representative capacity.  We are not persuaded.

In order to avoid personal responsibility, the general rule is that an individual signing in a representative capacity must name his principal and must place "by:"  before his signature or must follow it with a display of agency status, preferably his title in the represented institution.  Thus, "TPI,

---

[2]*Sandefer Oil & Gas, Inc. v. Duhon,* 961 F.2d 1207 (5th Cir.1992);  *Westinghouse Credit Corp. v. Hall,* 144 B.R. 568 (S.D.Ga.1992).

[3]TRANS PACIFIC INDUSTRIES actually is typed above the space provided for signing on the $100,000 note but, apparently agreeing that this was a typographical error, the parties treat the signature blocks on both notes as identical.

[4]Tex.Bus. & Comm.Code § 3.403.  Neither party suggests that Texas law differs from the general law under the U.C.C.

W.K. Robbins, Jr.," without more, would bind Robbins.[5] Section 3-403(2)(b), however, requires that we consider the face of the entire instrument.[6] When we do so in the context of business expectations,[7] we find it abundantly clear that Robbins signed in a representative capacity only.

The face of the note unambiguously shows that TPI was the sole borrower; it is the only entity listed in the upper left-hand identification block. The FDIC attempts to nullify the import of the identification block by arguing that the first sentence of the text—"The undersigned Borrower(s) ... promises to pay"—renders each signatory a borrower. It is a basic tenet of contract interpretation, however, that one part of a writing cannot be read to nullify another.[8] Interpreted in harmony with the identification block, the first sentence of the text must mean: TPI, which signs below, promises to pay.... The instrument therefore indicates on its face that TPI is the sole borrower and maker of the note.

A corporation can act only through agents. Assuming *per arguendo* that the typewritten name of the organization conceivably might pass muster as a signature under U.C.C. section 3-401(2), there are few if any lenders who would accept it as binding. That is both understandable and prudent. The usual business practice is to bind the corporation with the signature of an officer authorized by the corporation to sign on its behalf.[9] On the notes before us, TPI was bound by the signature of Robbins. That Robbins signed on TPI's behalf would be apparent to any holder of the note. It must have been apparent to the FDIC that Robbins signed for TPI for it sued TPI on the note. The district court agreed for it rendered summary judgment against TPI. "Having secured a judgment on that basis against the corporate defendant, we are at a loss to see how [the FDIC] may

---

[5] 1 White and Summers, § 13-4 at 627.

[6] *Southeastern Financial Corp. v. Smith,* 397 F.Supp. 649 (N.D.Ala.1975), *rev'd on other grounds,* 542 F.2d 278 (5th Cir.1976); *Pollin v. Mindy Mfg. Co.,* 211 Pa.Super. 87, 236 A.2d 542 (1967).

[7] Interpretation of an instrument with an emphasis on business expectations "is proper and entirely consistent with the spirit of 3-403." 1 White and Summers, § 13-4 at 630.

[8] *E.g. D.E.W., Inc. v. Local 93, Laborers' International Union,* 957 F.2d 196 (5th Cir.1992).

[9] *Pollin*; *cf. Valley National Bank, Sunnymead v. Cook,* 136 Ariz. 232, 665 P.2d 576 (Ariz.Ct.App.1983).

now contend that [Robbins'] signature was on his individual behalf and not in a representative capacity. It must be one or the other. It cannot be both."[10]

We recognize that lenders commonly require a personal guarantee from an individual corporate officer of a closely held corporation before lending to his corporation.[11] In that event, the practice is for the corporate officer to sign twice as maker, once for the corporation and once for himself, or to execute a guaranty of the loan.[12] Neither was done in the case at bar.

The FDIC also invokes the protections of a holder in due course to defeat Robbins' defense. Holder in due course status, however, does not attach unless the notes were part of a purchase and assumption transaction.[13] The record does not show and the FDIC does not allege a purchase and assumption transaction herein. To the contrary, the affidavit of its liquidation assistant establishes that the FDIC simply acquired the notes as part of the receivership estate by virtue of its appointment as receiver. The holder in due course doctrine does not apply.

The judgment of the district court is REVERSED, judgment is RENDERED in favor of W.K. Robbins, Jr., and the case is REMANDED for further proceedings consistent herewith.

---

[10]*Pollin,* 236 A.2d at 544, *quoted in Valley National Bank,* 665 P.2d at 578-79.

[11]1 White and Summers, § 13-4 at 630.

[12]*Keels v. W.E. Turner,* 45 N.C.App. 213, 216-17, 262 S.E.2d 845, 847 ("[W]here individual responsibility is demanded, the nearly universal practice in the commercial world is that the corporate officer signs twice, once as an officer and again as an individual.") (*quoting* 19 Am.Jur.2d *Corporations* § 1343 (1965), *review denied,* 300 N.C. 197, 269 S.E.2d 624 (1980)); *Diversified Realty, Inc. v. McElroy,* 41 Wash.App. 171, 703 P.2d 323 (1985) (same) (*citing* 3A W. Fletcher, *Private Corporations* § 1119 at 170 (1975)).

[13]*Federal Deposit Ins. Corp. v. Laguarta,* 939 F.2d 1231 (5th Cir.1991); *accord In re 604 Columbus Ave. Realty Trust,* 968 F.2d 1332 (1st Cir.1992).