PEOPLE EX REL. JONES ET AL., PETITIONERS, v. DISTRICT COURT, WASHINGTON CO., RESPONDENT.

1. MISJOINDER OF PARTIES.
Where the misjoinder of parties is apparent upon the face of an original petition and is not objected to by demurrer, the misjoinder is waived, and, thereafter, is not available as a ground of demurrer nor as a defense to the petition as amended.

2. BONDS OF COUNTY COMMISSIONERS.
When a person duly elected to the office of county commissioner. has executed his bond as required by law, when said bond has been approved by the judge of the proper district, and when the person so elected and qualified has actually entered upon the duties of his office, the district court or judge, thereafter, has no jurisdiction to order said commissioner to give a new bond with further sureties to be approved by said court or judge, and, in default of compliance with such order, to declare such commissioner's office vacant.

*Original proceeding in this court for writ of certiorari and prohibition.*

THE petition of relators Jones and Prindle represents, in substance, that the judge of the thirteenth judicial district, while holding court in the county of Washington in said district, made an order upon the relators Prindle and Jones requiring them to file a new, good and sufficient bond, as county commissioners of Washington county, to be approved by the judge of said court; and, further, that said judge afterwards, in pursuance of his former order, found that said Prindle and Jones had not given bonds as required, and

thereupon declared their offices as county commissioners vacant.

Upon the filing of the petition a rule was entered by this court to show cause in accordance with the usual practice, and staying further proceedings by the district court in the premises against relators pending the hearing of this application.

Demurrer to the original petition was sustained, and relators, by leave of court, filed amendments to their petition.

Demurrer to the petition as amended was interposed upon the ground, *inter alia*, that there is a misjoinder of parties, there being no joint cause of action on the part of Prindle and Jones. This demurrer was overruled.

Answer and replication having been filed, the cause is now submitted for final determination upon the pleadings.

Mr. H. B. JOHNSON, for petitioners.

Messrs. STUART & MURRAY, for respondent.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The misjoinder of parties was as apparent upon the face of the original petition as upon the petition as amended. Such misjoinder, not having been objected to by demurrer in the first instance, was waived, and, thereafter, was not available as a ground of demurrer, nor as a defense, to the petition as amended. Code, sections 50–55. This controversy will, therefore, be disposed of upon its substantial legal merits.

By the pleadings, it is admitted that the relator Prindle was elected commissioner of Washington county, Colorado, on November 5, 1889, that he executed his official bond on January 11, 1890, that said bond was approved by the then acting district judge of the 13th judicial district, as provided by law, that said bond was filed in the office of the clerk and recorder of said Washington county, and that thereupon said Prindle took the oath of office and entered upon the discharge

of his duties as such county commissioner. A similar admission is made in respect to the election, qualification and entry upon the discharge of the duties of county commissioner by the relator Jones the following year. This proceeding was commenced in June, 1892.

Upon the admitted facts the question to be determined may be stated thus: When a person duly elected to the office of county commissioner has executed his bond as required by law, when said bond has been approved by the judge of the proper district, and when the person so elected and qualified has actually entered upon the duties of his office, has the district court or judge, thereafter, jurisdiction to order said commissioner to give a new bond with further sureties to be approved by said court or judge, and, in default of compliance with such order, to declare such commissioner's office vacant?

A determination of this controversy requires the consideration of several statutory provisions. Prior to the act of 1881, hereinafter cited, county commissioners were not required to give bonds. See chapter entitled "Official Bonds," Rev. Stats. 1868, p. 483; Gen. Laws 1877, p. 662; Gen. Stats. 1883, p. 740; 2 Mills' An. Stats., p. 1847.

The presiding judge of the district court of each district or county is authorized by the act above cited to examine and inquire into the sufficiency of the official bond of the clerk in open court on the first day of each term, and if found insufficient, to give a new bond with sureties to be approved as in case of an original bond. The same examination and order is authorized in respect to the bonds of masters in chancery of said court.

The statute further requires the board of county commissioners at each regular term, on the first day of each term, to examine and inquire into the sufficiency of the official bonds of the county judge, justices of the peace, constables, county treasurer, sheriff, coroner, county assessor, county clerk and county surveyor, *and all other official bonds given or to be given by any county officer*, as required by law, and to require any

such officer or officers to give new bond with sufficient surety in case the old bond is deemed insufficient.

It is further provided that the judges and boards of commissioners shall enter upon their respective records the fact that an examination and inquiry into the sufficiency of the official bonds within their cognizance have been made, and that they are deemed sufficient or insufficient, as the facts may justify; and that when any officer shall fail to file a new bond within the prescribed time when so required by order as aforesaid, the officer in default shall be deemed and held to have vacated his office, and the vacancy thus created shall be filled as in case of a vacancy by death or resignation of such officer.

By the act of 1881, Session Laws, p. 96, county commissioners of the several counties are required to execute an official bond in a certain amount and under specified conditions, to be approved by the judge of the district court and to be filed and recorded in the records of such county. Gen. Stats. 1883, §§ 564, 569.

Under the foregoing acts it is contended in behalf of respondent that the district court or judge is invested with jurisdiction to examine into and pass upon the sufficiency of the bond of any county commissioner subsequent to the time of his original qualification and entry upon the duties of his office, and that, if upon such examination the district court or judge shall find any such bond insufficient, he may require the commissioner to give a new bond with additional sureties to be approved by said court or judge within a reasonable time, and that in default of so doing, the office of such commissioner shall be declared or deemed vacant.

In behalf of relators it is contended that no such duty, authority or jurisdiction is devolved upon the district court or judge *after the approval of the original bond of a county commissioner, and after the due qualification and entry upon the duties of his office as such commissioner.*

Upon careful consideration of the question thus presented, we are of the opinion that the contention of the relators is

correct. Nowhere do we find that any authority or jurisdiction has been conferred by law upon district courts or judges to make examination or inquiry into the sufficiency of the official bond of any county commissioner *after his original bond has been approved, and after he has duly qualified and actually entered upon the duties of his office.* Such summary proceedings by the district court are authorized in respect to the bonds of clerks and masters in chancery of the court, but not in respect to the bonds of county commissioners.

The statute expressly authorized the board of county commissioners to make such examination and inquiry in respect to the "official bonds given or to be given by any county officer;" and it may be that this provision should be held to include the bond of a county commissioner since a county commissioner is unquestionably a county officer. But it is urged that when section 6 of the chapter on official bonds was passed, bonds of county commissioners were not contemplated by it, because such officers were not then required to give bonds. This argument cuts both ways; it applies to sections 5 and 9 of said chapter as well as to section 6. If, for such reason, the old statute is not sufficient to vest the commissioners with jurisdiction over bonds required by the new act, then it is not sufficient to vest the district courts with such jurisdiction.

It is further urged that it could not have been intended that the commissioners should examine and inquire into the sufficiency of the bond of one of their fellow commissioners —that such examination and inquiry would not be impartial and disinterested. This may be a valid argument against the expediency of the statute, but not against its validity. Such an investiture of power may be inexpedient, but it is not illegal. The inexpediency of the statute is a subject for legislative, but not for judicial, correction. But we need not decide that the jurisdiction in question is vested in the board of county commissioners. It is sufficient for this case that the jurisdiction is not vested in the district court.

Our conclusion is, that the order of the district court or

judge declaring the offices of relators as county commissioners vacant, as set forth in the petition herein, was without authority. The same is accordingly reversed, vacated, and altogether held for naught; and the rule staying further proceedings by the district court in the premises is made absolute.