[No. 5153.]
[No. 2748 C. A.]

HAVILAND V. MAYFIELD.

1. **Pleading—Action Against Copartners—Amending Complaint
—Changing Relation of Defendants.**

In an action against defendants as copartners to recover for
labor performed and goods sold, it was not error to allow plain-
tiff, before the trial, to amend his complaint so as to proceed
against them individually.—P. 186.

2. **Principal and Agent—Agent Liable Where Agency Not Dis-
closed.**

Where plaintiff purchased goods and received services with-
out disclosing that he was acting for another, he becomes per-
sonally liable therefor.—P. 186.

*Appeal from the District Court of Arapahoe County.
Hon. F. T. Johnson, Judge.*

Action by E. B. Mayfield against James Havi-
land and Robert Haviland. From a judgment for
plaintiff, James Haviland appeals.    *Affirmed.*

Messrs. ALLEN & WEBSTER, for appellant.

Mr. FRANK M. KEEZER, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

Action to recover for labor performed and goods sold. The action, as appears from the amended complaint, was against the defendants as a copartnership. The title so denominates the defendants, and, in the body of that pleading, there is an allegation that, so far as this right of action is concerned, the defendants are copartners. Before the trial, the plaintiff was allowed to amend his pleading by striking therefrom this allegation concerning the copartnership, and asked for, and was granted, leave to proceed against the defendants individually. The court rendered judgment against one of the defendants, James Haviland, the appellant here, and dismissed the action as to his codefendant, Robert Haviland.

The assignments of error argued are, that the court committed error in permitting the amendment, and that the evidence is insufficient to establish the individual liability of appellant.

There was no error in allowing the amendment to be made. The point has been so ruled in *Hamill v. Ashley,* 11 Colo. 180, and in *Durkee v. Conklin,* 13 Colo. App. 313. The cases, like *Exchange Bank v. Ford,* 7 Colo. 314, *Craig v. Smith,* 10 Colo. 220, and *Thompson v. White,* 25 Colo. 226, cited by appellant, have no application whatever to the ruling attacked.

It is appellant's contention that the Western Ice Company, of which he is manager and agent, in its corporate capacity, and not he in his individual capacity, if either, is liable to plaintiff. The evidence brought up in the record is legally sufficient to sustain the findings of the trial court that the labor performed and the goods furnished by plaintiff were at the instance of the appellant himself, and that if he was, in fact, acting as the manager, or

agent, of the Western Ice Company, he did not, at the time, disclose his agency to the plaintiff. Such being the case as made, according to the finding, the judgment is clearly right.—*Mackey v. Briggs,* 16 Colo. 143; *Baldwin v. Leonard,* 39 Vt. 260; S. C. 94, Am. Dec. 324; *Welch v. Goodwin,* 123 Mass. 71; S. C. 25, Am. Reps. 24; Mechem on Agency, § 554.

Let the judgment be affirmed.        *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.