[No. 6207.]

BURNELL v. MORRISON.

1. Evidence—Agency—An agency and the extent of authority may be proven by circumstances.—(535)

—Order of Proof—The order of proof is largely within the discretion of the trial court.—(536)

—Letters of Agent—In an action to charge an undisclosed principal with purchases made by his agent, the agency being established, the agent's letters relating to the transaction are admissible against the principal.—(536)

2. Parties—Misjoinder—Waiver—Misjoinder of parties apparent on the face of the complaint is waived by demurring on other grounds, answer, and proceeding to trial.—(536)

*Appeal from Denver District Court* — Hon. SAMUEL M. CARPENTER, Judge.

Mr. F. A. WILLIAMS, for appellant.

Mr. THOMAS M. MINOR, for appellee.

Mr. Justice Hill delivered the opinion of the court:

Verdict of the jury and judgment in favor of the appellee, plaintiff below, against the appellants in the sum of $939.38, from which the appellant, F. A. Burnell, appeals.

The second count in the complaint, upon which recovery was had, alleged an agreement between the appellants, F. A. Burnell and L. M. McCreery, in substance, that the latter should act as an agent for the former in the purchase of hay and other products, to purchase the same in the name of McCreery and Company, or in the name of L. M. McCreery; that as fast as purchased they should be turned over to Burnell on same terms and conditions as purchased by McCreery; that all hay consigned to McCreery on commission, should likewise be delivered to Burnell, to be handled in the same manner; that McCreery should not disclose the fact to parties selling the hay that he was acting as agent for Burnell, but should represent that he was acting on his own account, or on account of L. M. McCreery and Company (which was L. M. McCreery). It further states that as such agent McCreery received from plaintiff on consignment two cars of hay containing a certain amount, which cars were immediately turned over to Burnell, pursuant to said agreement; that afterwards, between the 18th and 24th of January, 1906, McCreery purchased twelve cars of hay from plaintiff, containing a certain number of pounds, for which they agreed to pay plaintiff $6.50 per ton, f. o. b. at Bayard, Nebraska; that said cars were immediately shipped to Denver, where upon their arrival they were turned over to defendant, Burnell, pursuant to said agreement; that Burnell was the real purchaser of said cars of hay, and the real consignee of the other two

cars so consigned to McCreery; that after paying
all commission and charges on the cars consigned,
plaintiff ought to have realized therefor the sum of
$6.50 per ton; that defendants have failed and neg-.
lected to pay plaintiff the amount received for said
consigned cars, or any part thereof, and have failed
to pay for the cars so purchased; that there is due
and payable to plaintiff, from defendants, for said
hay so consigned and sold, the sum of $930.39, etc.

There was no appearance by defendant, L. M.
McCreery, or L. M. McCreery and Company. The
defendant, Burnell, filed a separate answer in which
he denied all the allegations in the second count of
the complaint.

1. It is contended that the court erred (a) in
denying the defendant's motion for judgment upon
the pleadings; (b) in overruling the objections of the
appellant, Burnell, to the introduction of any evi-
dence in support of the second cause of action; (c) in
refusing to grant a nonsuit. These contentions are
not well taken. The second count in 'the amended
complaint (as against a general demurrer) sufficient-
ly alleges a cause of action against an undisclosed
principal through dealings with his agent. When
considered as a whole, including all the circum-
stances shown, surrounding the parties, we think that
there is evidence upon which this finding can be
based; and, although it might be more satisfactory,
yet taking into consideration the position of the de-
fendants, and the next to impossibility to establish
the fact by direct proof, the verdict of the jury
should not be disturbed upon this ground. The mo-
tion for nonsuit was properly overruled. An agency
may be proved, as well as the extent of the authority
of the agent, by circumstantial evidence.—*Union
Gold Mining Co. v. Rocky Mountain Nat'l Bank*, 2
Colo. 565; *Higgins et al. v. Armstrong*, 9 Colo. 38;

*Gambrill et al. v. Brown Hotel Company,* 11 Col. App. 529.

2. Complaint is made to the introduction of the letters of McCreery to the appellee in evidence, on the ground that there was no evidence to establish the agency, and that agency cannot be established by the declaration of an alleged agent, and that it was erroneous to admit in evidence the declarations of an alleged agent unless his agency has been otherwise established. The McCreery letters do not admit the agency, nor make any statements regarding it, and they cannot be construed as declarations of his in any manner tending to establish it. We think the evidence, as a whole, was sufficient to go to the jury upon the question of the agency; such being the case, his letters, which authorized the shipments and other transactions between the parties, were competent to show the purchases were made. The order of proof and other such matters are largely within the discretion of the trial court.—*The Robert. E. Lee S. M. Co. v. Englebach et al.,* 18 Colo. 106; *People ex rel. Denison v. Butler,* 24 Colo. 401; *Kindel v. Le Bert,* 23 Colo. 385; *San Miguel C. G. M. Co. et al. v. Bonner,* 33 Colo. 207.

3. It is contended that a joint judgment cannot be sustained and that if McCreery was an agent he was not liable as principal; and if not an agent, and he was liable as principal, then Mr. Burnell was not liable as principal; and that a joint judgment cannot be rendered upon an individual or single obligation. Mr. McCreery is not before this court making any complaint as to the judgment against him, either as principal or agent. Mr. Burnell first filed a demurrer to the complaint claiming that several causes of action had been improperly united. This he withdrew and filed a separate answer to the second count of the complaint, denying all its averments. At the

commencement of the trial he moved for judgment on the pleadings because the complaint failed to state a cause of action. · He thereafter objected to the introduction of any testimony in support of the second cause of action for the same reason. At the close of plaintiff's case, the appellant, Burnell, moved for a nonsuit upon the second cause of action because no such contract of agency had been proven. ·After the verdict was rendered against him, a motion in arrest of judgment was made in which, for the first time, it is stated, "there is a misjoinder of parties defendant in the second cause of action." We think this question was waived by being raised too late. A defect of parties must be raised either by demurrer or answer, and if not so raised it is waived.—*Fitzgerald v. Burke,* 14 Colo. 559; *People ex rel. Jones et al. v. District Court,* 18 Colo. 293; *Wilson v. Welch,* 8 Col. App. 210; *Miller v. Kinsel,* 20 Col. App. 346.

The fourth contention, laches of the appellee, it is urged he ought not to recover upon account of his lack of business methods, in this, that with all modern mail and telegraph facilities at hand he neglected to make any inquiries concerning McCreery's financial standing or business integrity, but went blindly on filling his orders when a reasonable investigation would have shown his irresponsibility. This would have some force were the judgment based upon the first count in the complaint, which charged fraud and conspiracy, but which count was, by proper instructions, eliminated from the consideration of the jury. In this case the question of the agency and also the authority of the agent to perform the acts for which the appellant was held, were submitted to the jury which, under proper instructions, found adversely to his contentions. Assuming this finding to be correct and that McCreery was the agent for the appellant, Burnell, and that he had the authority to make these

purchases from the appellee for the appellant who became liable for their payment, it then becomes immaterial to the appellant whether or not the appellee knew, or by reasonable diligence, could have obtained such information concerning McCreery's financial irresponsibility.

Other errors assigned have been considered.

Perceiving no prejudicial error against the rights of the appellant, Burnell, the judgment will be affirmed.                                              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.