470 P.2d 71 (1970)
Richard E. CONNER and Roy Wennersten, d/b/a Englewood Iron Works, and Englewood Iron Works, Inc., a Colorado corporation, Plaintiffs in Error,
v.
STEEL, INC., a Colorado corporation, Defendants in Error.
No. 70-003. (Supreme Court No. 22698.)
Colorado Court of Appeals, Div. I.
January 20, 1970.
*72 David W. Sarvas, L. L. Nathenson, Lakewood, for plaintiffs in error.
Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, for defendants in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in The Supreme Court of The State of Colorado and subsequently transferred to the Court of Appeals under authority vested in The Supreme Court.
Defendant in Error, Steel, Inc., hereinafter called plaintiff, brought suit in the trial court, for goods sold and delivered, against Conner and Wennersten doing business as Englewood Iron Works, hereinafter called defendants. By amended complaint Englewood Iron Works, Inc., hereinafter called the Corporation, was added as a party defendant. By the amended complaint Steel, Inc., sought recovery against the individual defendants as agents of the Corporation, an undisclosed principal, and against the Corporation.
Defendants admitted that the sum claimed was due Steel, Inc., but asserted that it was an obligation of the Corporation and not of the individual defendants. Prior to trial the trial court required Steel, Inc., to elect to proceed against either the individual defendants or the Corporation under the theory of alternative liability for an undisclosed principal. Steel, Inc., elected to proceed against the individual defendants. On the plaintiff's motion, the trial court dismissed the Corporation. After trial to the court, judgment was entered in favor of Steel, Inc., against Conner and Wennersten individually for the agreed amount due. The defendants assert as error that the evidence clearly showed that the plaintiff knew or should have known of the existence of the corporation and, consequently, of their acting as mere agents of it. The trial court found otherwise and we agree with that finding.
The evidence disclosed that Conner and Wennersten began doing business as a partnership in 1962 as Englewood Iron Works. In May of 1964 they incorporated the business and added "Inc." to the name. However, neither the sign on their plant nor their listing in the telephone directory was changed to reflect this addition. The only change reflecting their new legal status was made on their checks approximately ten months after the date of incorporation, so that they read "Englewood Iron Works, Inc." instead of "Englewood Iron Works". Conner, who became president of the Corporation, continued to sign the new checks as he had signed the old ones, without indicating that he was now signing them as an agent of the Corporation.
Steel, Inc., had been doing business with the defendants since the inception of the partnership and, after its incorporation, continued to do business with the individual defendants in the same manner.
The only dispute in the testimony was on the question as to whether or not Steel, Inc., had been informed of the fact of incorporation. The trial court, after reviewing all the evidence, found that Steel, Inc., had not become aware of the incorporation until eighteen months after the change (which was after the indebtedness sued upon had been incurred) and that the individual defendants had failed to disclose during that interval that they had become and were acting as agents for the Corporation. We agree with the trial court that *73 the mere addition of "Inc." to checks under the circumstances disclosed by the evidence is not sufficient, in itself, to be notice of incorporation to third parties who had been dealing with a partnership and relying on the personal liability of the partners in extending credit to the partnership.
An agent who purchases goods for his principal without disclosing his agency becomes personally liable for the goods. Haviland v. Mayfield, 38 Colo. 185, 88 P. 148; Mackey v. Briggs, 16 Colo. 143, 26 P. 131.
The defendants, Conner and Wennersten, also assert as error the refusal of the trial court to grant their Motion for Judgment on the Pleadings. The motion was grounded on the fact that at the pre-trial conference the Corporation had confessed judgment. Because this confession was stipulated to by both parties, defendants claim that this amounted to an election by Steel, Inc., to proceed solely against the Corporation under the principle of alternative liability. This principle states that, when an undisclosed principal is involved, a creditor may obtain judgment against either the principal or the agent, but not both, if one or the other objects to joint liability. The action of the Corporation in confessing judgment was not accepted by Steel, Inc., as required by R.C.P.Colo. 68 and did not amount to an election by it.
Until either party objects, a principal, initially undisclosed, and his agent can properly be joined in one action, McCreery v. Morrison, 46 Colo. 533, 105 P. 876; 2 Restatement Agency (2d Ed.) Section 210A. On objection by either the principal or the agent the court at some point prior to judgment may require the plaintiff to elect the party he will proceed against. Upon the question being raised, the trial court ordered Steel, Inc., to elect and Steel, Inc., elected to proceed against the individuals, and the action was dismissed as to the Corporation.
We hold that no error was committed by the trial court.
The judgment is affirmed.
DWYER and PIERCE, JJ., concur.