Bert BIDWELL, d/b/a The Mountain Shop, Plaintiff-Appellee,

v.

Jerry JOLLY, Defendant-Appellant.

No. 84CA1143.

Colorado Court of Appeals, Div. II.

Jan. 23, 1986.

Rehearing Denied Feb. 27, 1986.

Certiorari Denied July 7, 1986.

Kevin R. O'Reilly, Glenwood Springs, for plaintiff-appellee.

Law Offices of Bernard D. Morley, P.C., Bernard D. Morley, Denver, for defendant-appellant.

BABCOCK, Judge.

This suit for collection of money owed for goods sold and delivered was initially brought against defendant, Jerry Jolly, individually, and Jerry Jolly, Ltd., a Colorado corporation, of which defendant is president and sole shareholder. Immediately prior to trial, Jerry Jolly, Ltd., confessed judgment, and trial proceeded against defendant. Concluding that defendant was personally liable for the corporate debt, the trial court entered judgment in favor of plaintiff, Bert Bidwell, d/b/a The Mountain Shop. Defendant appeals and we reverse.

The facts essential for determination of this appeal are either undisputed or, where disputed, have been established by the trial court's findings. Hence, whether these facts are sufficient to render defendant individually liable is a question of law, and we are not bound by the trial court's conclusions. *See Masinton v. Dean,* 659 P.2d 50 (Colo.App.1982).

The parties began doing business with one another in 1975. On April 16, 1980, pursuant to agreement, plaintiff delivered certain goods to defendant. Defendant, in his individual capacity, signed the invoices, which were in the name of Jerry Jolly, Ltd., indicating receipt of the goods. When timely payment was not made, negotiations between plaintiff and defendant resulted in an agreement whereby plaintiff was to be paid $17,008.06 by December 20, 1980. On December 17, 1980, plaintiff sent a mailgram to defendant as president of Jerry Jolly, Ltd., to remind him that payment would be due on December 20. This amount was not timely remitted, and suit was commenced.

During trial, plaintiff testified that he was unaware that Jerry Jolly, Ltd., was a corporation until he commenced this action. He stated that he believed "Jerry Jolly, Ltd.," was a trading style or trade name under which defendant operated a sole proprietorship. In his testimony, defendant maintained that in every transaction he had had with plaintiff, he acted as agent for Jerry Jolly, Ltd., and that plaintiff was aware of the corporate existence. There was no contention or proof that Jerry Jolly, Ltd., was the "alter ego" of defendant. *See Rosebud Corp. v. Boggio,* 39 Colo.App. 84, 561 P.2d 367 (1977).

On these facts, the trial court concluded that, while plaintiff had known he was dealing with defendant in some capacity other than his personal capacity, he did not know that he was dealing with a corporation and did not have notice of the corporate existence. Defendant contends that the trial court incorrectly applied the law which prohibits imposition of personal liability on an agent where the name or identity of the principal for which he deals is disclosed. We agree.

An individual who acts within the scope of his authority for a corporation cannot be held personally liable upon a contract signed by him on behalf of the corporation so long as notice has been given that he is acting for a principal and the name or identity of the principal has been disclosed. *Fink v. Montgomery Elevator Co.,* 161 Colo. 342, 421 P.2d 735 (1966); *Masinton v. Dean, supra.* The fact that the individual's signature does not show his representative capacity is not dispositive of the liability issue; all that is needed is sufficient notice to the third party that he is dealing with someone other than the individual negotiating the contract. *Fink v. Montgomery Elevator Co., supra; Masinton v. Dean, supra.*

Here, every document admitted into evidence which dealt with the transaction between plaintiff and defendant bears the name of Jerry Jolly, Ltd. As found by the trial court, the evidence as a whole shows that plaintiff knew he was dealing with someone other than defendant in his individual capacity. In addition, the evidence reveals that all of plaintiff's previous dealings with defendant, as well as all checks remitted to plaintiff by defendant, were in the name of Jerry Jolly, Ltd.

"Ltd." is an abbreviation for "Limited," which, under § 7–3–106, C.R.S. (1985 Cum. Supp.), may be used to designate a corporate entity. Accordingly, we conclude that here defendant's consistent practice of dealing in the corporate name and of paying for goods with checks that bore the name "Jerry Jolly, Ltd.," was sufficient to name and identify the principal. *See Masinton v. Dean, supra.* Thus, defendant cannot be held personally liable for the debt of Jerry Jolly, Ltd.

Our resolution of the personal liability issue is not affected by the fact that, at the time of the transaction, Jerry Jolly, Ltd., was not in good standing with the state of Colorado. Once a corporation is restored to good standing, as was done here prior to trial, it is regarded as having had continuous existence, and its officers and directors will not be held personally liable for corporate debts incurred prior to reinstatement. *Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.,* 635 P.2d 935 (Colo.App.1981).

Judgment reversed.

SMITH and STERNBERG, JJ., concur.