**FLATIRON PAVING COMPANY,**
Plaintiff-Appellee,

v.

**David B. WILKIN and Airport Development Corp., d/b/a Tri-County Hangar Company, Defendants-Appellants.**

No. 83CA1245.

Colorado Court of Appeals,
Div. III.

July 10, 1986.

Hutchinson, Black, Hill, Buchanan & Cook, David M. Packard, Boulder, for plaintiff-appellee.

Burg, Aspinwall & Petrucci, P.C. (On the Briefs), David C. Aspinwall, Englewood, for defendants-appellants.

METZGER, Judge.

In this breach of contract action, defendants, David B. Wilkin, and Airport Development Corp. a Delaware corporation, d/b/a Tri-County Hangar Co., appeal the judgment entered after a trial to the court in favor of plaintiff, Flatiron Paving Company, Inc., a Colorado corporation (Flatiron). They assert that the trial court erred (1) in its interpretation of the contract between defendants and Flatiron, (2) in its application of the law of agency concerning a partially disclosed principal, and (3) in entering various procedural orders which they claim were erroneous and prejudicial. We affirm.

The trial court found the following facts. Wilkin first contacted Flatiron in June of 1979 and requested an estimate for the placing of base course and asphalt pavement for runways in connection with the planned construction of airplane hangars at Erie Air Park. After some negotiation, Flatiron entered into an agreement with Wilkin, as agent for an entity known as Aero Structures, Inc. By mutual consent, this contract was abandoned, and a second agreement with Flatiron was signed by Wilkin as agent for Tri-County Hangar Company. This second contract was also abandoned.

Tri-County Hangar Company had operated as a partnership until August 22, 1980, when it incorporated in Delaware under the name of Airport Development Corporation (ADC). However, it continued to operate under the name of Tri-County Hangar Company, and did not file its trade name affidavit until January 20, 1982.

On November 13, 1980, Wilkin entered into a third contract with Flatiron, on behalf of ADC. He did not disclose the existence of ADC to Flatiron, and the contract itself mentioned only Tri-County Hangar Company. Flatiron performed its obligations under the contract, but was unable to collect full payment. Flatiron brought

suit for breach of contract against Skies Unlimited, Inc., Tri-County Hangar Company, (a Colorado general partnership), David B. Wilkin and Dale G. Harrington, Tri-County's general partners, and Barber County Savings and Loan Association. Defendants counterclaimed, basing their claims on Flatiron's alleged faulty workmanship. Prior to trial, Flatiron filed an amended complaint adding "Airport Development Corp., d/b/a Tri-County Hangar Co., a Delaware corporation," as a party defendant.

At the commencement of trial, the parties stipulated to the dismissal of defendants Skies Unlimited, Inc., and Barber County Savings and Loan Association. A minute order prepared by the clerk but not signed by the presiding judge incorrectly stated that all defendants were dismissed except Wilkin.

The trial court found that Flatiron had completely performed its obligations under the contract. Defendant Wilkin signed the contract as agent for Tri-County Hangar Company, the trade name of ADC. Although Flatiron was on notice that Wilkin was acting on behalf of another, Wilkin did not identify his principal, nor could Flatiron have reasonably discovered that Wilkin was acting for an undisclosed principal. Therefore, applying the doctrine of partially disclosed principal, the trial court entered judgment against Wilkin and ADC for the balance due on the contract, plus interest and costs. Defendants Wilkin and ADC appeal.

I.

Defendants first contend that the trial court erred as a matter of law in its interpretation of the written contract. We disagree.

■ Interpretation of the language of a contract is a question of law for the court. *Denver Center for the Performing Arts v. Briggs,* 696 P.2d 299 (Colo.1985). An integrated contract is to be interpreted in its entirety in order to give effect to all provisions so that none will be rendered meaningless. *Pepcol Manufacturing Co.*

*v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984).

The contract provided in pertinent part: "Permits, engineering, staking, testing, and subgrade preparation are not a part of this quotation.

. . . .

The entire area of 35,000 square yards *shall* be subgraded, staked, and *approved* by Flatiron prior to starting the project.

. . . .

[Flatiron] shall not be responsible for pavement failures due to unstable subgrade below and/or outside the limits of our work." (emphasis added)

Defendants argue that the trial court misinterpreted the words "shall" and "approved." They contend that the word "shall" created an obligation on ADC to subgrade and stake, and that the word "approved" required that Flatiron inspect and insure that the subgrading was properly performed. The trial court rejected this argument and so do we.

■ Reading the contract as a whole and giving meaning to all its pertinent provisions, we agree with the trial court that ADC was obligated to subgrade and stake the work area. However, while Flatiron had the right to approve the site prior to the commencement of its work, the contract did not require a determination by Flatiron of the adequacy of the work. Therefore, we conclude that the trial court's interpretation of the contract was correct.

II.

Wilkin contends that the trial court erred when it applied the doctrine of partially disclosed principal and entered judgment against him as agent. We agree with the trial court's ruling.

■ An agent is individually liable on a contract if he is acting for an undisclosed principal. *Hott v. Tillotson-Lewis Con-*

*struction Co.*, 682 P.2d 1220 (Colo.App. 1983). A principal is undisclosed if the agent fails to disclose both the existence of his agency and the identity of his principal. *Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966). A principal is partially disclosed if the agent discloses the existence of his agency but fails to disclose the true name or legal identity of his principal. *James G. Smith & Associates, Inc. v. Everett*, 1 Ohio App.3d 118, 439 N.E.2d 932 (1981). An agent who discloses the existence of his agency but fails to identify correctly his principal is personally liable pursuant to the undisclosed principal doctrine. *Hott v. Tillotson-Lewis Construction Co.*, *supra*; *Masinton v. Dean*, 659 P.2d 50 (Colo.App.1982).

There is no evidence that Flatiron knew Wilkin was acting on behalf of ADC. ADC was not a disclosed principal. While Flatiron knew that an agency existed, it did not know the name of the principal. The only "principal" disclosed by Wilkin was Tri-County Hangar Company, which was without legal capacity or status. At best, Wilkin was dealing on behalf of a partially disclosed principal or a principal without legal capacity or status. Thus, we conclude that the trial court's application of the doctrine of partially disclosed principal and entry of judgment based thereon were correct.

### III.

Defendants also contend that the trial court erred as a matter of law by failing, on its own motion, to require Flatiron to elect between obtaining a judgment against either ADC or Wilkin. We disagree.

Until either party objects, a principal, initially undisclosed, and his agent can properly be joined in one action. *Burnell v. Morrison*, 46 Colo. 533, 105 P. 876 (1909). However, on objection by either the principal or the agent, the trial court at some time prior to judgment may require the plaintiff to elect the party he will proceed against. *Connor v. Steel, Inc.*, 28 Colo.App. 1, 470 P.2d 71 (1970).

Here, neither ADC nor Wilkin requested an election prior to judgment. Having waived that opportunity, they cannot now complain of error.

### IV.

Defendants assert that the trial court made numerous procedural errors which were sufficiently egregious to require reversal of the judgment. We find no error.

### A.

Defendants argue that the trial court erred in correcting a minute order which incorrectly dismissed all the named defendants except Wilkin. They contend that the trial court could not correct the error while this appeal was pending because this court's order of remand did not specifically give leave to the trial court to do so. We disagree with this contention.

C.R.C.P. 60(a) provides in pertinent part: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court.... During the pendency of an appeal such mistakes ... may be so corrected with leave of the appellate court."

On January 5, 1984, this court remanded the action to the trial court "to resolve all claims between the parties." Pursuant to the order of remand, the trial court corrected the clerical error and entered judgment. We hold that the language of the order of remand was sufficiently broad to authorize the trial court's amendment of its order.

### B.

We also reject Wilkin's contention that § 13-50-105, C.R.S., prohibits entry of judgment against him. That argument is moot by virtue of our determination that Wilkin's liability stems from application of the undisclosed principal doctrine.

### C.

Finally, Wilkin argues that Dale Harrington was improperly dismissed as a party

defendant, thus prejudicing Wilkin's right to contribution. We do not address this argument because Harrington was not named as a party to the appeal. *See Brogan v. Bill Eger Motors, Inc.*, 39 Colo.App. 104, 561 P.2d 377 (1977).

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.