JEAN CLAUDE BOISSET WINES U.S.A., INC., a California Corporation, Plaintiff–Appellant,

v.

Fletcher NEWTON, d/b/a Newton & Company, Defendant–Appellee.

No. 91CA0255.

Colorado Court of Appeals, Div. II.

March 26, 1992.

Rehearing Denied April 23, 1992.

Silverman and Riley, Julia D. Riley, Denver, for plaintiff-appellant.

Robinson, Waters, O'Dorsio and Rapson, P.C., Peter A. Robinson, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Jean–Claude Boisset Wines USA, appeals the judgment of the trial court entered in favor of defendant after a trial to the court. Plaintiff also appeals the trial court's denial of treble damages, attorney fees, and costs claimed on the basis of issuance of an insufficient funds check by defendant. We reverse and remand for findings of fact, conclusions of law, and appropriate entry of judgment.

Plaintiff is a California corporation in the business of selling wine to local distributors. Defendant, Fletcher Newton, an attorney licensed in Colorado, is doing business as Newton & Co. distributing wine purchased from plaintiff. It is undisputed that defendant took no steps to comply with relevant Colorado statutes to incorporate Newton & Co.

Plaintiff initiated this action alleging that defendant had failed to pay for the wine purchased. Plaintiff also sought recovery for an open account and bad checks issued by the defendant for the wine purchases. The trial court entered judgment in favor of defendant on the basis of defendant's good faith belief that Newton & Co. was a corporation and his belief that he was acting on behalf of his corporation and that, therefore, he was not personally liable.

Plaintiff contends that the trial court erroneously interpreted § 7–3–104, C.R.S. (1986 Repl.Vol. 3A) to insulate persons from liability for their acts if they act in

good faith for a non-existent corporation. We agree.

It is undisputed that Newton and Co. was never incorporated and that defendant issued insufficient fund checks on the account of Newton and Co. for the purchase of wine from plaintiff. Defendant did not pay for the wine.

The basis of the trial court's determination that defendant is not liable for his actions was its interpretation of § 7–3–104, C.R.S. (1986 Repl.Vol. 3A). That statute provides:

> All persons purporting to act as or on behalf of a corporation without authority to do so and without good faith belief that they have such authority shall be jointly and severally liable for all liabilities incurred....

The trial court interpreted this statute to mean that if one has a good faith belief in his or her authority to act for a corporation, even if no corporation exists, then such person may not be held personally liable for debts incurred. We, however, conclude that, if no steps to incorporate have been initiated and therefore no corporation exists, an individual is personally liable for his acts regardless of his good faith belief in the existence of a corporation.

Section 7–3–104 is intended to impose personal liability upon those persons who take it upon themselves to hold themselves out and improperly act as a corporation without having undertaken any bona fide effort to achieve corporate status. *Micciche v. Billings*, 727 P.2d 367 (Colo. 1986). It was not intended to exempt an individual from liability for his personal acts where, as here, no corporation documents such as the articles of incorporation were ever prepared.

The judgment is reversed, and the cause is remanded to the trial court for entry of findings of fact, conclusions of law, and consideration of the treble damages provisions of the bad check statute, 13–21–109, C.R.S. (1991 Cum.Supp.), and for entry of a judgment consistent with the views ex-

pressed in this opinion or, in the alternative, for a new trial.

SMITH and HUME, JJ., concur.