James **SIMS**, Plaintiff–Appellant,

v.

George **OTTENHOFF** and Herrick Garnsey, Defendants–Appellees.

No. 92CA1942.

Colorado Court of Appeals, Div. V.

Feb. 10, 1994.

Rehearing Denied March 17, 1994.

Certiorari Denied Aug. 29, 1994.

Jerold L. Trupp, Denver, for plaintiff-appellant.

Hall & Evans, L.L.C., A. Peter Gregory, Jamey W. Jamison, Denver, for defendant-appellee George Ottenhoff.

Long & Jaudon, P.C., Robert M. Baldwin, Lee A. Lindsay, Denver, for defendant-appellee Herrick Garnsey.

Opinion by Judge RULAND.

■ In this personal injury action, plaintiff, James Sims, appeals from a summary judgment dismissing his claims against the defendants, George Ottenhoff and Herrick Garnsey. This appeal presents the sole issue of whether the directors of a dissolved nonprofit corporation are statutorily liable for damages caused by the negligent conduct of an employee of the entity. We conclude that there is no such liability here and, thus, affirm the judgment.

According to his complaint, plaintiff was injured in an accident caused by the negligent operation of a bus owned by Daysprings Christian Schools. Plaintiff asserted claims against Ottenhoff and Garnsey in their capacity as members of Daysprings' board of directors. He alleged that these defendants were vicariously liable because of the employment relationship between Daysprings and the bus driver.

Ottenhoff and Garnsey responded by moving for summary judgment. In their motion, they noted that although Daysprings was originally formed as a nonprofit corporation, unknown to them the corporate entity had been dissolved. The dissolution followed a period of suspension based upon the failure to file required reports with the Secretary of State. They argued that they could not be held liable as directors of an unincorporated association because they had no role in the commission of the alleged tortious act. The trial court agreed.

■ On appeal, plaintiff contends that Ottenhoff and Garnsey are liable under § 7–20–106, C.R.S. (1986 Repl.Vol. 3A) of the Colorado Nonprofit Corporation Act, which imposes joint and several liability on all persons for liabilities and obligations arising as a result of having acted as a corporation without authority to do so. We are not persuaded.

Section 7–20–106 provides:

All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.

A similar provision of the former Colorado Corporation Code was interpreted by our supreme court in *Micciche v. Billings*, 727 P.2d 367 (Colo.1986). *See* Colo.Sess.Laws 1958, ch. 32, § 140 at 202. We find that opinion instructive.

In *Micciche*, the corporation had been suspended at the time an employee asserted a claim for work-related injuries against a corporate officer. The court noted that Colorado's Act was modeled after the 1950 Model Business Corporation Act and that the objective of provisions such as § 7–20–106 was to impose liability upon persons who act on behalf of a purported corporation with knowledge that the corporation does not exist.

Thus, the court limited application of liability under the statute to cases in which persons act as a corporation without making any bona fide effort to achieve corporate status by complying with the statutory requirements for incorporation. *See also Jean Claude Boisset Wines U.S.A., Inc. v. Newton*, 830 P.2d 1134 (Colo.App.1992).

Here, however, it is undisputed that Ottenhoff and Garnsey lacked any knowledge of the dissolved status of the corporation at the time of plaintiff's accident. As a result, consistent with *Micciche*, we conclude that plaintiff may not predicate defendants' individual liability on § 7–20–106.

The judgment is affirmed.

HUME and KAPELKE, JJ., concur.