940 P.2d 934 (1996)
MOUNTAIN STATES COMMERCIAL COLLECTIONS, INC., assignees of Concord Enterprises, Inc., Plaintiff-Appellee,
v.
99¢ LIQUIDATORS, INC., a/k/a 99 Liquidators, Inc.; and Mindy Siegel, d/b/a 99 Liquidators, Defendants-Appellants.
No. 95CA0987.
Colorado Court of Appeals, Div. IV.
May 30, 1996.
As Modified on Denial of Rehearing August 15, 1996.[*]
Certiorari Denied July 21, 1997.
*935 D.L. Glenn, P.C., D.L. Glenn, Steve M. Lasky, Lesley A. Meyer, Denver, for Plaintiff-Appellee.
Larry M. Snyder, Denver, for Defendants-Appellants.
Opinion by Judge MARQUEZ.
In this action for collection of a debt, defendants, 99¢ Liquidators, Inc., a/k/a 99 Liquidators, Inc. (debtor corporation), and Mindy Siegel (corporate officer), appeal the judgment entered in favor of plaintiff, Mountain States Commercial Collections, Inc., the assignee of Concord Enterprises, Inc. (Concord). We affirm in part and reverse in part.
The debtor corporation in 1992 ordered and accepted goods until its outstanding balance with Concord reached $8,255.40. It paid Concord $4,000 in money orders, thereby reducing the outstanding debt to $4,255.40. The corporate officer separately *936 signed a number of checks on the debtor corporation's account payable to Concord that were returned for insufficient funds.
After the assignment from Concord, plaintiff attempted to collect the debt and eventually filed this action. Plaintiff's complaint alleged that defendants owed principal, interest, attorney fees, plus "treble damages in accordance with C.R.S. 13-21-09," and costs. Defendants answered alleging only that they "deny each and every allegation contained in the Complaint."
Following a bench trial, the court ordered the debtor corporation to pay plaintiff $4,255.40, the balance owing on the open account after credit for the $4,000 in money orders, plus statutory interest at 8% per annum, plus costs. The court ordered the corporate officer to pay plaintiff $7,473.62, the amount of one of the returned checks, trebled, minus credit for the same $4,000 in money orders, plus attorney fees in the amount of $716.89, plus costs. Both awards were deemed "joint and several."

I.
Defendants contend that the trial court erred in finding that debtor corporation had complied with § 13-21-109(3), C.R.S. (1995 Cum.Supp.) because Concord sent the notice of nonpayment to the address listed on the debtor corporation's check rather than to the most recent address known to Concord as required in the statute. We are not persuaded.
The award of damages for checks, drafts, or orders not paid upon presentment is governed in part by § 13-21-109, C.R.S. (1995 Cum.Supp.). That section provides, in pertinent part, that any person who obtains money, merchandise, property, or other thing of value, or who makes any payment of any obligation, other than an obligation on a consumer credit transaction, by means of any check that is not paid upon presentment is liable to the holder of such check or any assignee for three times the face amount of the check if not paid within fifteen days after notice has been given in accordance with the provisions of the statute. See §§ 13-21-109(1) & 13-21-109(2)(a), C.R.S. (1995 Cum. Supp.).
The notice provision of the statute, § 13-21-109(3), states:
Notice that a check ... has not been paid upon presentment shall be in writing and given in person and receipted for, or by personal service, or by depositing the notice by certified mail, return receipt requested and postage prepaid, in the United States mail and addressed to such person at his most recent address known to the sender. If the notice is mailed and not returned as undeliverable by the United States postal service, notice shall be conclusively presumed to have been given on the date of mailing. For the purpose of this subsection (3), `undeliverable' does not include unclaimed or refused.
Here, Concord had two different addresses for the debtor corporation, a billing address and a shipping address. The billing address was the address listed on the checks, and there was evidence at trial that a representative of the debtor corporation had expressly directed Concord to bill to that address.
Defendants argued that the shipping address was the most recent address known to Concord because it had sent a collection letter to the corporate officer's husband at that address. However, the witness responsible for mailing the notice of insufficient funds testified that she had never seen the letter to the husband before and had not found a copy of it in her files.
The trial court found that the unexplained letter to the corporate officer's husband did not suffice to make the address on that letter the most recent address known to plaintiff. The court's factual determination is supported by evidence in the record. It will therefore not be disturbed on appeal. See Page v. Clark, 197 Colo. 306, 592 P.2d 792 (1979).

II.
Defendants separately contend that the conclusive presumption of notice does not arise because the notice of presentment was returned as "attempted, unknown" and *937 "moved." They argue these words together have the same meaning as "undeliverable" for purposes of the notice requirement in § 13-21-109(3).
As pertinent here, § 13-21-109(3) provides that notice of the failure to pay a check upon presentment shall be in writing and given by depositing the notice by certified mail, return receipt requested and postage prepaid in the United States mail and addressed to such person at his most recent address known to the sender. If the notice is mailed and not returned as undeliverable by the postal service, notice shall be conclusively presumed to have been given on the date of mailing. "Undeliverable" does not include unclaimed or refused.
Even if we assume that the markings mean that the notice was returned as undeliverable, the only consequence of this assumption is that plaintiff cannot avail itself of the conclusive presumption that notice was given on the date of mailing.
However, the trial court found, with record support, that plaintiff sent the notice to defendants' most recent address. Therefore, in our view, plaintiff complied with the notice provision of § 13-21-109(3).

III.
The corporate officer argues that the trial court erred in finding her personally liable on the open account of the debtor corporation. We agree.
When an agent or officer of a corporation deals with a third party within the scope of her authority, that officer is not individually liable for corporate debts unless the corporate principal is undisclosed. A consistent practice of paying for goods with checks that bear the name of the corporation is sufficient to identify the principal as a corporation. Masinton v. Dean, 659 P.2d 50 (Colo.App.1982).
The corporate officer testified that she was an officer of the debtor corporation and wrote the checks that were returned for insufficient funds to pay the debt owed by the corporation. The checks were imprinted with the heading "99¢ Liquidators, Inc." in the upper left-hand corner.
No evidence was presented that the corporate officer used the corporate form as a shield to perpetrate a fraud or defeat a rightful claim or that plaintiff did not know it was dealing with a corporation. Therefore, to the extent that the damage award imposes personal liability on the corporate officer for the debt owed on the open account by the debtor corporation, it cannot stand. See Bidwell v. Jolly, 716 P.2d 481 (Colo.App.1986).

IV.
The corporate officer also argues that in the circumstances presented here she cannot be found liable under § 13-21-109. She urges that the term "person" in the statute refers only to the owner of the account (here, the corporation) and not to the individual who actually signs the check. We disagree.
As pertinent here, § 13-21-109 provides that: "Any person ... who makes any payment... by means of making any check ... which is not paid upon its presentment is liable...."
In construing statutes, we must give effect to the intent of the General Assembly. Such intent is to be determined primarily from the statutory language, with the statutory terms being given effect in accordance with their commonly accepted and understood meanings. Aspen Highlands Skiing Corp. v. Apostolou, 866 P.2d 1384 (Colo.1994).
Further, a statute must be read and considered as a whole, and, when possible, it should be construed to give consistent, harmonious, and sensible effect to all of its parts. In cases of ambiguity, a court may also be guided by the consequences of a particular construction. Brooke v. Restaurant Services, Inc., 906 P.2d 66 (Colo.1995).
The term "any person" is not defined in the statute. Its commonly understood meaning could include either an individual or a corporation as well as a person signing on behalf of the corporation.
Had the General Assembly intended to limit liability of persons signing in a representative *938 capacity, it could have so stated. See Jean Claude Boisset Wines U.S.A., Inc. v. Newton, 830 P.2d 1134 (Colo.App.1992) (addressing § 7-3-104, C.R.S. (1986 Repl. 3A) which pertains to all persons purporting to act as or on behalf of a corporation without authority to do so); § 4-3-403(2)(b), C.R.S. (1992 Repl.Vol. 2) (addressing authorized representative who signs his or her own name to an instrument). Section 13-21-109 provides no exceptions.
We thus conclude that the court did not err in finding the corporate officer individually liable under the statute.

V.
Defendants finally contend that the trial court's award of damages against the debtor corporation must be set aside in its entirety because the only claim stated in the complaint was under § 13-21-109 for recovery on a check returned for insufficient funds. We disagree.
The complaint did incorrectly refer to the amount owing as $4,425.24, the amount of one of the checks, rather than the amount owing on the account of $4,255.40 after credit for the $4,000 in money orders. However, attached to the complaint were records which document the balance owed on the open account, and the complaint expressly stated that the records are "incorporated herein by reference on a past due account for goods sold and delivered and/or services performed by Plaintiff to and for Defendant(s) on a commercial account...." In addition, plaintiff's disclosure statement informed defendants that plaintiff was seeking damages for "goods received and not paid for and also because of a check written which was returned `non sufficient funds.'" (emphasis added) Thus, defendants had sufficient notice that plaintiff was separately seeking damages for the outstanding account balance.
The judgment is reversed insofar as it imposed liability on the corporate officer for the open account. In all other respects, it is affirmed.
KAPELKE, J., concurs.
BRIGGS, J., concurs in part and dissents in part.
Judge BRIGGS concurring in part and dissenting in part.
I concur in the majority's holding, with one exception. I would construe § 13-21-109, C.R.S. (1995 Cum.Supp.) not to impose liability for treble damages on an individual who, without culpability, signs a corporate check returned for insufficient funds. I therefore respectfully dissent as to Part IV of the majority opinion.
It is presumed that the General Assembly intends a just and reasonable result when it enacts a statute, and a construction that leads to an absurd result will not be followed. McClellan v. Meyer, 900 P.2d 24 (Colo.1995). Hence, although statutory language should ordinarily be given effect according to its plain and obvious meaning, when a literal interpretation creates an absurd result, the intention of the General Assembly will prevail over the literal interpretation. See People v. Bowman, 812 P.2d 725 (Colo.App. 1991).
Section 13-21-109 in its present form does not require that the check have been drawn on insufficient funds willfully, knowingly, or with intent to defraud. Hence, under a literal interpretation of § 13-21-109, a representative signing a corporate check could be held personally liable for treble damages even though others over whom the maker had no control depleted the corporate account after the maker had signed the check. I would not presume the General Assembly intended such an inequitable result.
A literal interpretation is further undercut by the fact that the General Assembly has enacted another statute, effective January 1, 1995, dealing with insufficient checks, § 4-3-402(c), C.R.S. (1995 Cum.Supp.) of the Uniform Commercial Code (UCC). It provides as follows:
If a representative signs the name of the representative as drawer of a check without indication of the representative status and the check is payable from an account *939 of the represented person who is identified on the check, the signer is not liable on the check if the signature is an authorized signature of the represented person. (emphasis added)
This provision replaces § 4-3-403(2)(b), C.R.S. (1992 Repl.Vol. 2). The Official Comment to the new provision states that the provision is meant to "overrule" cases decided under former Article 3 such as Griffin v. Ellinger, 538 S.W.2d 97 (Tex.1976). In that case the Texas Supreme Court had applied the former UCC provision to conclude that a corporate officer signing a check on a corporate account without designating the capacity in which he or she signs is personally liable on the check.
Accordingly, to the extent that the intent of the General Assembly in a different legislative session can be considered relevant in construing an earlier enacted statute, see Montezuma Well Service, Inc. v. Industrial Claim Appeals Office, 928 P.2d 796 (Colo. App.1996), it would appear that the General Assembly has never intended for a corporate representative to be personally liable for the amount, much less treble the amount, of a check that clearly indicates it is drawn on a corporation's account. Cf. Valley National Bank v. Cook, 136 Ariz. 232, 665 P.2d 576 (App.1983); Pollin v. Mindy Manufacturing Co., 211 Pa.Super. 87, 236 A.2d 542 (1967).
In Masinton v. Dean, 659 P.2d 50 (Colo. App.1982), a division of this court applied agency principles and concluded that an individual signing a check on behalf of a corporation and drawn on a corporate account was not personally liable on the check. Though it did not specifically refer to the UCC or § 4-3-403(2)(b), the court determined that the addition of "Inc." to the name of the business was sufficient, at least when the parties had not dealt with each other to the contrary, to establish the status of the corporate account and the agency of the individual maker.
Here, the check clearly indicated it was drawn on a corporate account. The evidence showed no business expectation other than that the debtor corporation was solely responsible. No evidence was presented establishing any other basis, such as piercing the corporate veil, for holding the corporate officer personally liable on the check. At least in these circumstances, I would not impose liability on the basis of § 13-21-109 and therefore would reverse the judgment against the corporate officer.
NOTES
[*] Briggs, J., would GRANT.