**Dale COSKI, Complainant–Appellee,**

**and**

**Colorado Civil Rights Commission, Appellee,**

v.

**CITY AND COUNTY OF DENVER, By and Through the DENVER POLICE DEPARTMENT, Respondent–Appellant.**

**No. 88CA0354.**

Colorado Court of Appeals, Div. III.

Feb. 15, 1990.

Rehearing Denied March 29, 1990.

Certiorari Denied Aug. 27, 1990.

Chester R. Chapman, Denver, for com-
plainant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, First Asst. Atty. Gen., Denver, for appellee.

Stephen H. Kaplan, City Atty., Darlene M. Ebert, Asst. City Atty., Denver, for respondent-appellant.

Opinion by Chief Judge KELLY.

In this employment discrimination case, the respondent, City and County of Denver, seeks review of a final order of the Colorado Civil Rights Commission. The Commission determined that the respondent had discriminated against the complainant, Dale Coski, on the basis of her handicap. We reverse.

Coski was a patrol officer with the Denver Police Department until she suffered an injury which rendered her quadriplegic. Since the accident, Coski has had no movement in her legs, and, although she has the use of her upper arm muscles and shoulders, she has no movement in her fingers.

Coski received disability leave at full pay for one year after her accident, and she also received full pay for her accumulated sick leave. *See* Denver City Charter § C5.41-1 and § C5.41-2. Coski was then retired from active service after the Fire and Police Pension Association determined that she was totally disabled. *See* Denver City Charter § C5.41-2; § 31-30-1007, C.R.S. (1986 Repl.Vol. 12B). Upon her retirement, Coski accepted a job with the Denver Commission on the Disabled. So far as the record shows, she is still employed by the City in that capacity. She also receives a monthly pension from the Fire and Police Pension Association.

Claiming that there were positions within the Department which she could fill, Coski filed a complaint with the Commission alleging discrimination on the basis of her handicap. The hearing officer concluded that the Department had in fact discriminated against Coski. The Department was ordered to cease and desist from applying certain of its policies to injured former officers, from refusing to give injured former officers individual consideration of their ability to perform actual Department functions, and from refusing to give Coski individual consideration by testing her ability to perform a job within the Department.

The Commission affirmed the hearing officer's decision. Pursuant to § 24-34-307, C.R.S. (1988 Repl.Vol. 10A), the City then sought review in this court.

■ The City contends that the Commission erred in determining that it discriminated against Coski. Specifically, the City argues that Coski did not make a prima facie showing of discrimination because she did not prove that she is "otherwise qualified" for the job in question. We agree.

Section 24-34-402(1)(a), C.R.S. (1988 Repl.Vol. 10A) provides that:

"It shall be a discriminatory or unfair employment practice for an employer to refuse to hire, to discharge, to promote or demote, or to discriminate in matters of compensation against any person *otherwise qualified* because of handicap ... but, with regard to a handicap, it is not a discriminatory or unfair employment practice for an employer to act as provided in this paragraph (a) if there is no reasonable accommodation that the employer can make with regard to the handicap, the handicap actually disqualifies the person from the job, and the handicap has a significant impact on the job." (emphasis added)

■ In proving a claim of discrimination, the handicapped person must first show that she is otherwise qualified to perform the job in question. *Colorado Civil Rights Commission v. North Washington Fire Protection District*, 772 P.2d 70 (Colo. 1989). "An otherwise qualified person is one who is able to meet all of the program's requirements in spite of his handicap." *Colorado Civil Rights Commission v. North Washington Fire Protection District, supra; see also, Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). A program's requirements are those that are reasonable and legitimate, that is, necessary for all positions and uniformly required of all employees. *AT & T Technolo-*

*gies, Inc. v. Royston,* 772 P.2d 1182 (Colo. App.1989); *Simon v. St. Louis,* 563 F.Supp. 76 (E.D.Mo.1983), *aff'd,* 735 F.2d 1082 (8th Cir.1984).

■ Although the hearing officer here made voluminous fact-findings, he did not address the question in his conclusions of law whether Coski is otherwise qualified to be a police officer. An appellate court may, however, draw its own conclusions from facts found by the lower tribunal. *See Bidwell v. Jolly,* 716 P.2d 481 (Colo. App.1986).

■ The hearing officer found that it is the Department's policy that all police officers must be able to fire a weapon and to make a forceful arrest. Further, each officer is expected to carry a weapon at all times. They are tested four times yearly on their weapon-firing proficiency. Police officers are always considered to be on duty, and they are responsible for taking proper police action whenever necessary. The Chief of Police testified that these general duties are the essence of police work.

However, the hearing officer concluded that, because some police officers do not fire a weapon or effect a forceful arrest on a regular basis, those duties are not essential job functions. This is not an appropriate standard by which to judge the essential functions of a particular job. *See Treadwell v. Alexander,* 707 F.2d 473 (11th Cir.1983) (essential nature of a job function not determined solely by amount of time given to it).

Police officers can expect to encounter force and violence daily in the performance of their jobs. Coski's condition itself is indicative of some of the dangers inherent in police work. Police officers must be able to take action to uphold their sworn duty to preserve the peace, protect life and property, and prevent crime. The infrequency with which a particular officer fires a gun or makes an arrest in furtherance of her duty does not eliminate the need to be capable of performing that duty. Thus, we conclude that the ability to fire a weapon and to make a forceful arrest is an essen-

tial job function because it is reasonable to require this of all police officers.

■ The hearing officer further found that Coski is not physically able to make a forceful arrest, but that she can fire a revolver if it is resting on the arm of her wheelchair. However, the evidence shows that, while Coski believes she could fire a gun in this manner, she has never actually done so. Thus, there being no other evidence, this finding is without support in the record. Accordingly, we conclude that Coski cannot comply with the Department's weapon-firing and forceful arrest policy. *See Board of Assessment Appeals v. Arlberg Club,* 762 P.2d 146 (Colo.1988).

■ Nevertheless, Coski argues that granting an exception to this policy is a reasonable accommodation with which she is otherwise qualified for several positions within the Department. We are not persuaded.

■ A reasonable accommodation is one that strikes a balance between the legislative intent of protecting handicapped persons from employment discrimination and the legitimate concern of an employer for ensuring the safety of its employees and those with whom they are in contact. *See School Board of Nassau County v. Arline,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987).

Neither a fundamental alteration in the nature of a job nor the elimination of an essential job function are reasonable accommodations. *Jasany v. United States Postal Service,* 755 F.2d 1244 (6th Cir. 1985); *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979) (eliminating clinical courses from program of study in order to accommodate deaf nursing student was not reasonable). The waiver of a job requirement is not a reasonable accommodation if such waiver would jeopardize public safety. *See Simon v. St. Louis, supra* (abrogation of forceful arrest requirement would jeopardize public protection and law enforcement, and thus, it would be an unreasonable accommodation); *Doherty v. Southern College of Optometry,* 862 F.2d 570

(6th Cir.1988) (elimination of requirement that optometry student operate instruments properly was not reasonable accommodation because proper operation was necessary for patient safety).

A police officer who cannot fire a weapon or make a forceful arrest is a danger to herself, other officers, and the public. Moreover, the evidence here showed that three or four officers per year suffer permanent injuries which limit their ability to perform police functions. If all these officers were retained on the force, the number of positions available for able-bodied officers would eventually be significantly reduced, thereby endangering public safety in an emergency that required full mobilization of the police force. In these circumstances, we conclude that waiver of the weapon-firing and forceful arrest requirement is not a reasonable accommodation.

■ Furthermore, even if we were to agree that the requirement is not an essential job function, we could not agree that a reasonable accommodation is possible here. An employer is not required to take on undue financial or administrative burdens in providing a reasonable accommodation. *Southeastern Community College v. Davis, supra.* Moreover, an employer cannot be required to alter any equipment or incur any additional expense that would not otherwise be incurred in order to provide a reasonable accommodation. Section 24-34-305(2), C.R.S. (1988 Repl.Vol. 10A).

Here, several vocational rehabilitation counselors evaluated Coski's physical abilities and compared them with the duties of twelve positions in the Department. They concluded that Coski could possibly perform five of the twelve. One of those five was scheduled to become a civilian position, and the other four would require substantial worksite modification or job restructuring in order for Coski to perform them.

The worksite modification necessary to accommodate Coski is a financial burden which the Department need not incur. Further, the evidence showed that job restructuring would result in an inefficient distribution of job duties and, in one case, would entail lowering the job qualifica-tions. Coski would also require assistance in the lifting and carrying involved in one of these positions. We therefore conclude that the changes advocated by Coski are not reasonable accommodations.

Because there is no reasonable accommodation that would allow Coski to perform the essential functions of a police officer, she is not otherwise qualified to hold that position. Consequently, the Department did not discriminate against Coski on the basis of her handicap by refusing to reinstate her.

In light of this disposition, we need not address the parties' other contentions.

The order of the Civil Rights Commission is reversed.

NEY and DAVIDSON, JJ., concur.