Dennis A. **BELLUS**, Plaintiff–Appellant,

v.

The **STATE** of Colorado, Defendant–Appellee.

No. 91CA0863.

Colorado Court of Appeals, Div. V.

Aug. 13, 1992.

Rehearing Denied Sept. 17, 1992.

Certiorari Denied Jan. 11, 1993.

James A. Carleo, Peyton H. Moss, Colorado Springs, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge JONES.

Dennis A. Bellus, plaintiff, appeals the summary judgment entered by the trial court against him and in favor of the State of Colorado, defendant. We affirm.

Plaintiff was employed as a youth services counselor in the Division of Youth Services, a subdivision of the Colorado Department of Institutions. Mainly as a result of physical altercations with juveniles, plaintiff suffered a series of injuries to his back resulting in permanent injury that rendered him unable to perform some of the functions of a youth services counselor. In addition, plaintiff's physicians declined to release him to return to work as a counselor because of the possibility that he would be re-injured in that position.

In August 1987, after he sustained another injury, plaintiff was issued a letter informing him that his accrued sick and annual leave would be exhausted after six hours on September 3, 1987. The letter further stated that, according to Colorado State Personnel System Policies, Rules, and Procedures, the options available to him were as follows: "1) return to his position as a youth services counselor following submission of physicians' statements that he could perform his duties in this position; 2) request leave without pay subject to approval or denial; 3) submit his resignation; and 4) termination and placement on a departmental re-employment list for a youth services counselor position within 90 days of recovery as verified by a physician."

Plaintiff's request for leave without pay was denied. He was informed that he would be placed on a reemployment list whenever he submitted a physician's verification that he was released to work and was "capable of performing all duties and responsibilities of [his] position which includes (sic) physical contact with clients who may need to be restrained and often display assaultive and/or aggressive behavior."

Plaintiff thereafter filed this action alleging violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1973) (the Act), on the grounds that the State's violation of the act constituted a violation of his federal civil rights under 42 U.S.C. § 1983 (1988). Defendants filed a motion for summary judgment, which the trial court granted. This appeal followed.

Initially, we observe that, to the extent that plaintiff's third claim for relief may set forth requests for monetary damages, a state agency is not a person against whom a cognizable claim can be asserted under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). However, as the claim certainly requests a remedy in the nature of injunctive relief, consideration pursuant to § 1983 may be undertaken. *Will v. Michigan Department of State Police, supra* (fn. 10).

The Act provides in relevant part:

No *otherwise qualified handicapped individual* in the United States, as defined

in section 706(7) of this title shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance or under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794 (1973) (emphasis added).

■ In interpreting the Act, the United States Supreme Court, in *School Board v. Arline*, 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987) (fn. 17), characterized an "otherwise qualified handicapped individual" as follows:

'An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap.' *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). In the employment context, an otherwise qualified person is one who can perform *'the essential functions' of the job in question.* 45 CFR § 84.3(k) (1985). When a handicapped person is not able to perform *the essential functions of the job*, the court must also consider whether any 'reasonable accommodation' by the employer would enable the handicapped person to perform *those functions*.... Accommodation is not reasonable if it either imposes 'undue financial and administrative burdens' on a grantee, *Southeastern Community College v. Davis*, 442 U.S., at 412, 99 S.Ct., at 2370, *or requires 'a fundamental alteration in the nature of [the] program....*' See 43 CFR § 84.12(c) (1985) (listing factors to consider in determining whether accommodation would cause undue hardship); 45 CFR pt. 84, Appendix A, p. 315 (1985) ('[W]here reasonable accommodation does not overcome the effects of a person's handicap, or where reasonable accommodation causes undue hardship to the employer, failure to hire or promote the handicapped person will not be considered discrimination'); *Davis, supra*, at 410–413, 99 S.Ct., at 2369–2370; *Alexan-*

*der v. Choate*, 469 U.S. [287], at 299–301, and n. 19, 105 S.Ct. [712], at 720, and n. 19 [83 L.Ed.2d 661 (1985)]; *Strathie v. Department of Transportation*, 716 F.2d [227], at 231[ (3rd Cir.1983)]. (emphasis added)

The Court further noted:

Employers have an *affirmative obligation* to make a *reasonable accommodation* for handicapped employee. Although they are not required to find another job for an employee who is not qualified for the job he or she was doing, they cannot deny an employee alternative employment opportunities reasonably available under the employer's *existing policies*.

*School Board v. Arline, supra* (fn. 19) (emphasis added).

The trial court, here, first determined that there was no genuine issue of material fact that plaintiff is physically unable to perform in his position as a youth services counselor and that there was no genuine issue of fact that plaintiff is not otherwise qualified for positions at either Denver Youth Services or anywhere within the Department of Institutions.

The court's ruling on the motion turned on its conclusion that accommodation of plaintiff's handicap was not reasonable based upon affidavits of personnel directors of state facilities under the overall organizational structure of the Department of Institutions. The affiants testified that they had reviewed the job descriptions for the position of youth services counselor and understood that the position requires client contact with potentially violent, assaultive, and/or suicidal individuals. Each affiant stated that, as to his or her specific agency:

there are no substantially similar positions to that of Youth Service Counselor with current openings and no substantially similar positions to that of Youth Service Counselor which do not require substantial contact with individuals suffering from developmental disabilities, mental disabilities or exhibiting assaultive or suicidal behavior.

This evidence demonstrates that physical ability is an "essential function" of the job of youth services counselor which is "fundamental" to the nature of the program. *See School Board v. Arline, supra* (fn. 17).

■ Thus, the record reflects that, in order for plaintiff to remain in a position of youth services counselor, the functions of the job would have to be altered or certain key functions would need to be eliminated. However, neither a fundamental alteration in the nature of a job nor the elimination of an essential job function is a reasonable accommodation. *Coski v. City & County of Denver*, 795 P.2d 1364 (Colo.App.1990); *Jasany v. United States Postal Service*, 755 F.2d 1244 (6th Cir.1985).

Hence, this affidavit testimony, in conjunction with plaintiff's concession that he no longer can perform the job of youth services counselor, resolves the question of whether facilities within the department of institutions could *reasonably accommodate* plaintiff's present physical condition.

Accordingly, viewing the evidence in the light most favorable to plaintiff, the party opposing the motion for summary judgment, *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988), we conclude, as a matter of law, that no triable issue of fact remains as to whether state facilities within the Department of Institutions could reasonably accommodate plaintiff's handicap. Thus, defendants have met their burden of establishing the non-existence of a genuine issue of material fact, *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo. 1991), and summary judgment was properly entered.

The judgment is affirmed.

STERNBERG, C.J., and HUME, J., concur.